Kathryn Diemer, Esq. (CA SBN 133977)
DIEMER & WEI, LLP
100 West San Fernando Street Suite 555
San Jose, California 95113
Tel: (408) 971-6270
Email: kdiemer@diemerwei.com

Jason R. Klinowski, Esq.
E-mail: jklinowski@wallacejordan.com
(*Pro Hac Vice Forthcoming*)
WALLACE JORDAN RATLIFF
& BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 847-0371

*Attorneys for Sun Hong Foods, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SUN HONG FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> OUTSTANDING FOODS, INC., WILLIAM "BILL" GLASER, and DAVID "DAVE" ANDERSON, each individually, and DOES 1 through 10. <br><br> Defendants. | CIVIL CASE NO. 2:19-cv-10121 <br><br><br> **COMPLAINT** |

For its Complaint, the plaintiff respectfully states as follows:

## THE PARTIES

1.      Sun Hong Foods, Inc. ("*Plaintiff*" or "*Sun Hong*") is a California corporation with offices located at 1105 W. Olympic Blvd., Montebello, California 90640.

2.      Plaintiff buys and sells wholesale quantities of perishable agricultural commodities (hereinafter "*Produce*") in both interstate and foreign commerce.

3.      Plaintiff trades in fresh fruit and vegetable commodities that the United States Department of Agriculture ("*USDA*") expressly recognizes as commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t (2016) ("*PACA*").

4.      At all times relevant hereto, Plaintiff was engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

5.      At all times relevant hereto Plaintiff operated its business under a valid PACA License, which the USDA issued and has identified as License No.: 20160693.[1]

6.      Defendants are:

   (a)      Outstanding Foods, Inc. ("*Company*" or "*Outstanding Foods*") is a Nevada corporation with its principal place of business located

---

[1] A true and correct copy of Plaintiff's PACA license is attached hereto as <u>Exhibit A.</u>

at 615 Hampton Drive, C101, Venice, California 90291.  At all times relevant to this action, Company:

    (i)    operated, conducted, and otherwise was engaged in or carried on the business of buying and selling Produce in interstate or foreign commerce;

    (ii)    purchased or received Produce (i.e., King Oyster Mushrooms) in California from or on behalf of, *inter alia*, Plaintiff;

    (iii)    committed certain tortious acts, as set forth herein, within the State of California;

    (iv)    sold Plaintiff's Produce within, *inter alia*, the State of California and in the ordinary course of its Produce related business; and

(b)    William "Bill" Glaser ("*Glaser*"), a resident of California, is or was an officer, director, or shareholder of Company and in a position to exercise dominion and control over Company at all times relevant to this action and otherwise participated in the tortious conduct or other wrongs set forth herein.  Glaser is listed as an officer of the Company on the Company's 2019 annual report filed with the Nevada Secretary of State and the Statement

of Information filed with the California Secretary of State on December 31, 2018.[2]

(c)     David "Dave" Anderson ("*Anderson*") a resident of California, is or was an officer, director, or member of Company and in a position to exercise dominion and control over Company at all times relevant to this action and otherwise participated in the tortious conduct or other wrongs set forth herein.  Anderson has held himself out to be the Company's Executive Chef & Co-Founder[3] with Glaser.

(d)     Does 1 through 10, (hereinafter referred to as "Does"), inclusive, are sued in this complaint under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities in this complaint.

(e)     Plaintiff is informed and believes and thereon alleges that at all times material to this complaint, each of the defendants, both those named and those identified as does, in addition to acting for

---

[2] A true and correct copy of the Statement of Information filed with the California Secretary of State is attached hereto as Exhibit B.

[3] A true and correct copy of Anderson's LinkedIn Profile showing his affiliation to the Company and his title as "executive chef and co-founder" is attached hereto as Exhibit C.

himself, herself, or itself, and his, her or its own behalf individually, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent and permission of, and in conspiracy with, each and all of the defendants and within the course, scope and authority of the agency's service, employment, representation and conspiracy. Plaintiff further alleges on information and belief that the acts of each of the defendants were fully ratified by each and all of the defendants. Specifically and without limitation, Plaintiff alleges on information and belief that the actions, failure to act, breaches, conspiracy, and misrepresentations alleged herein and attributed to one or more of the specific defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the defendants.

7. Glaser and Anderson shall hereinafter be collectively referred to as "*Principals*."

8. Company and Principals and Does shall hereinafter be collectively referred to as "*Defendants*."

9. At all times relevant hereto, Company bought and sold wholesale quantities of Produce in interstate and foreign commerce as Plaintiff's Produce originated from the People's Republic of China and was delivered to Company at its

contract processor in Montebello, California or placed in cold storage at Defendant's direction.

10.    At all times relevant hereto, Company was engaged, directly or indirectly, in the business of purchasing or selling Produce in wholesale or jobbing quantities as a review of the bill of ladings shows that Company bought, *inter alia*, 32,000 11-pound boxes of King Oyster Mushrooms, which adds up to 352,000 pounds of mushrooms.  *Id.*  Thus, the Produce transaction between Company and Plaintiff involved a ton-lot shipment of Produce because the shipment weighed in excess of 2,000 pounds.  Therefore, Company is a "dealer" of Produce as defined by PACA.

11.    The USDA provides a list of perishable agricultural commodities covered under PACA[4], which includes mushrooms.

12.    Plaintiff sold to Defendants, and Defendants bought from Plaintiff, perishable agricultural commodities comprising of King Oyster Mushrooms.  *See* Chart and Invoices, attached hereto and incorporated herein as <u>Exhibit D</u>.  As such, Defendants' Produce transactions with Plaintiff involved Produce the USDA expressly recognizes as covered commodities under PACA.

13.    At all times relevant hereto, Company acted or failed to act by and through its Principals.

---

[4] *See* https://www.ams.usda.gov/sites/default/files/media/Commodities%20Covered%20by%20PACA.pdf

14.     As a dealer of Produce, the acts, omissions, or failures of its Principals, employees, or agents constitute acts, omissions, or failures of Company.

## JURISDICTION AND VENUE

15.     The District Court has subject matter jurisdiction over this civil action arising under 7 U.S.C. § 499e(b)(2) ("liability may be enforced by … suit in any court of competent jurisdiction….") and 7 U.S.C. § 499e(c)(5) ("the several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust") of the PACA, pursuant to 28 U.S.C. § 1331 and because this matter involves the interpretation of a federal statute.

16.     The District Court also has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1337 because PACA qualifies as an "Act of Congress regulating commerce" and several of Plaintiff's claims herein arise under 7 U.S.C. § 499e(b)(2) and 7 U.S.C. § 499e(c)(5).

17.     The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

18.     The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

19.     Venue in this district is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

in this district and a substantial part of the property that is the subject of this action is or was situated within this district.

## NATURE OF THE CASE

20.    This is a civil action for monetary and injunctive relief, pursuant to which Plaintiff seeks to enforce its rights against the Defendants under both PACA's Trust and Unfair Conduct provisions and further seeks to enforce its rights under state law (e.g., breach of contract, breach of fiduciary duty and tortious interference with receipt of trust assets).

21.    As set forth in detail herein, Plaintiff is the holder of a properly perfected PACA trust claim in the current amount of not less than $453,854.45, plus further interest at the statutory rate of 0.41667% per month (5% APR) and costs of collection, including attorneys' fees, as sums owing in connection with the Plaintiff's unpaid Produce transactions with Company.

22.    Further, Defendants have committed willful, repeated, and flagrant violations of Section 2 of PACA (i.e., Unfair Conduct provisions) and, as a direct result of said violations, Plaintiff has incurred damages of not less than $453,854.45, plus further interest at the statutory rate of 0.41667% per month (5% APR) and costs of collection, including attorneys' fees, as sums owing in connection with the Plaintiff's unpaid Produce transactions with Company.

## **FACTUAL ALLEGATIONS**

23.     On or about February 14, 2019, Plaintiff and Company entered into a Distribution Agreement (the "*Agreement*") under which Defendant agreed to purchase from Plaintiff at least 3200 cases (i.e., $42,400.00) of the King Oyster Mushrooms. *See* Agreement, attached hereto and incorporated herein as <u>Exhibit E</u>.

24.     Under the terms of the Agreement, Defendant could reduce the amount purchased by giving written notice at least fifty (50) days prior written notice. The fifty (50) day lead time was designed to allow Plaintiff to stop shipments from its overseas grower.

25.     Via letter dated September 19, 2019, Defendants notified Plaintiff of its decision to terminate the parties' Agreement. Plaintiff received Defendants contract termination notice on September 20, 2019 and resulted in the effective termination of the Agreement on October 20, 2019. A true and correct copy of Defendants' notice of termination is attached hereto as <u>Exhibit F</u>.

26.     Between August 6, 2019 and October 10, 2019, Plaintiff delivered 20,960 11-pound boxes of King Oyster Mushrooms to Defendant pursuant to the Agreement, which are identified in the chart and unpaid invoices attached hereto and incorporated herein as <u>Exhibit D.</u>

27.     Plaintiff sold to Company, and Company purchased from Plaintiff, Produce valued at the current aggregate amount of not less than $453,854.45, as set forth in <u>Exhibit D.</u>

28.     Because Company purchased and received Produce from Plaintiff in full container lots, which each contained approximately 3,200 cases and weighed approximately 35,200 pounds each, the Produce transactions between Company and Plaintiff involved wholesale or jobbing quantities of Produce. *See* <u>Exhibit D</u>.

29.     Plaintiff's Produce originated from People's Republic of China and was delivered to Company at its contract processor's plant at 20237 Masa Street, Madera, California or otherwise was placed into cold storage per Defendants' direction to Plaintiff. *See* <u>Exhibit D</u>.

30.     Company received and accepted Plaintiff's Produce in interstate and foreign commerce.

31.     Plaintiff issued to Company, and Company received, the invoices contained in <u>Exhibit D</u>.

32.     As a dealer of Produce, Company possessed a duty to deal fairly with Plaintiff and in good faith.[5]

33.     Company was obligated to promptly pay Plaintiff for the Produce listed in <u>Exhibit D</u> within thirty (30) days of the invoice date.

34.     Plaintiff utilized the invoices listed in <u>Exhibit D</u> to perfect and otherwise preserve its PACA trust rights in and to each load of Produce listed therein.

---

[5] "Good faith," as used herein, means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.  7 C.F.R. § 46.2(hh).

35.     Each of Plaintiff's invoices contained the following language preserving its beneficial interest in and to Defendants' PACA trust assets:

> The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over there commodities, all inventories of food or other products derived from these commodities, and any receivable or proceeds from the sales of these commodities until full payment is received.

*See* Exhibit D.

36.     Each of Plaintiff's invoices also contained the following language preserving its rights to recover interest on the unpaid invoices and documenting buyer's agreement to pay all costs of collection, including attorneys' fees:

> Past due accounts subject to interest charge of 1.5% per month (18% annually).  Buyer agrees to pay all cost of any action taken to collection overdue accounts including, but not limited to court costs, reasonable attorney's fees and/or costs of collection, shall be borne by purchaser.

*See* Exhibit D.

37.     The Company failed to object to Plaintiff's inclusion of the contract language quoted in paragraphs 35-36 above as a material part of the parties' agreement.

38.     The contract language quoted in paragraphs 35-36 above represents a material part of Plaintiff's standard contract terms.

39.     Plaintiff's inclusion of the contract language quoted in paragraphs 35-36 above represent a standard industry practice and, as such, is of no surprise to Company.

40.     Plaintiff's inclusion of the contract language quoted in paragraphs 35-36 above represents bargained for terms and the sums detailed therein are sums owing in connection with each Produce transaction.

41.     Plaintiff is an unpaid supplier of Produce because Defendants failed to pay for any of the Produce identified in the unpaid invoices contained in Exhibit D.

42.     The Defendants failed to pay or otherwise deliver good funds to the Plaintiff in the amount set forth in Exhibit D, despite repeated demands from the Plaintiff.

43.     At all relevant times hereto, the Company acted by and through its Principals.

44.     Additionally, upon information and belief[6], Defendants failed to preserve sufficient funds to fully satisfy all qualified PACA claims, such as Plaintiff's claims for unpaid Produce transactions as asserted in this action.

---

[6] On or upon "information and belief," as used herein, means Plaintiff is informed and believes a fact or condition to be true and, upon such information and belief, alleges the fact or condition in connection with the instant complaint. Plaintiff's information and beliefs are based upon investigation and derived from such sources as: Plaintiff's conversations with Defendants, e-mail correspondence with Defendants, publicly available government documents, relevant statements or information contained on Defendant owned or controlled websites, Plaintiff's communications with Defendants, Plaintiff and Defendants' relevant produce transaction documents, documents Defendants provided Plaintiff, and relevant third party documents.

45.     Defendants failed to ensure that Company's funds were freely available to satisfy its outstanding obligations to Plaintiff or other similarly situated Produce suppliers.

46.     At all times relevant hereto, Company lacked the liquidity or free cash flow to pay Plaintiff for any of the shipments of Produce listed in Exhibit D.

47.     Company lacked adequate capitalization to pay its Produce suppliers and to sustain any losses resulting from its inability to collect upon its own accounts receivable.

48.     Defendants improperly shifted the risk of Company's undercapitalization or bad debt risk to Plaintiff and its other unpaid Produce suppliers.

49.     Upon information and belief, at all times relevant hereto, Company was insolvent.

50.     Upon information and belief, at all times relevant hereto, Company's liabilities exceeded its assets.

51.     Upon information and belief, Principals each possessed actual and constructive knowledge of Company's insolvency.

52.     Principals each failed to voluntarily cease business operations and to otherwise refrain from receiving and accepting Produce on credit while Company was either insolvent or during a time when Company's liabilities exceeded its assets or it was unable to pay its undisputed debts when they became due.

**COUNT I**
**ENFORCEMENT OF THE PACA TRUST**
**COMPANY & PRINCIPALS**

53.     Plaintiff re-alleges paragraphs 1 through 52 as though fully set forth herein.

54.     The Company and its Principals are each in possession, custody and control of the Produce Plaintiff sold to Company and all assets derived from the Defendants' subsequent sale of that Produce, including, without limitation: (i) food or products derived from Produce; (ii) accounts receivable; (iii) proceeds from the sale of Produce; (iv) cash; (v) any other assets commingled with proceeds of Produce; and (vi) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in the Company's name (collectively the "*PACA Trust Assets*") for the benefit of Plaintiff and all other similarly-situated PACA trust beneficiaries.

55.     The Company and its Principals failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets for any of the shipments of Produce listed in Exhibit D.

56.     The Company and its Principals failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

57.     The matters and actions alleged in this Count I constitute a violation by Defendants of Section 2 of the PACA.

58.   As a direct result of the Company and its Principals' failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff has suffered damages which are covered under the PACA trust in an amount not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action.

59.   On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT II
## PACA VIOLATION: FAILURE TO MAINTAIN TRUST
### COMPANY & PRINCIPALS

60.   Plaintiff re-alleges paragraphs 1- 59 as though fully set forth herein.

61.   Plaintiff and Company entered into no less than seventeen (17) transactions involving Plaintiff's sale of Produce to Company and Company's receipt and acceptance of said Produce between May 7, 2019 and October 17, 2019 (the "*Sales Period*").  Each of these transactions is identified in Exhibit D.

62.     During the Sales Period, Company lacked the liquidity or free cash flow to pay Plaintiff for the Produce transactions identified in <u>Exhibit D</u>.

63.     During the Sales Period, Company's PACA Trust Assets were not freely available to satisfy its outstanding obligations to the Plaintiff or other similarly situated PACA trust beneficiaries.

64.     On information and belief, Company issued checks or otherwise made payments to various entities and individuals during the Sales Period while Plaintiff's Produce related invoices to Company remained unpaid.

65.     On information and belief, Company issued checks or otherwise made payments to entities and individuals other than its unpaid Produce suppliers, including Plaintiff herein, during the Sales Period.

66.     Company's issuance of checks or other payments to entities and individuals other than its unpaid Produce suppliers, including the Plaintiff herein, during the Sales Period is inconsistent with its obligation to maintain its PACA Trust Assets freely available to satisfy its obligations to its Produce suppliers.

67.     Principals each authorized or approved Company's issuance of checks or other payments to entities and individuals other than its unpaid Produce suppliers during the Sales Period.

68.     Principals each failed to object or otherwise act to prevent the Company's issuance of checks or other payments to entities and individuals other than its unpaid Produce suppliers during the Sales Period.

69.     The matters and actions or inactions alleged in this Count II constitute violations by Defendants of Section 2 of the PACA.

70.     As a direct result of the Defendants aforementioned actions and inactions, Plaintiff has incurred damages in an amount not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT III**
**PACA VIOLATION (UNFAIR TRADE PRACTICE):**
**FAILURE TO PROMPTLY PAY**
**7 U.S.C. § 499b(4)**
**COMPANY**

71.     Plaintiff re-alleges paragraphs 1 through 70 as though fully set forth herein.

72.     As a dealer of Produce, Company possessed a statutory duty to promptly pay Plaintiff for any and all Produce transactions.

73.     Throughout the Sales Period, Company received and accepted seven (7) shipments of Produce. *See* Exhibit D.

74.     Payment was due to Plaintiff within thirty (30) days of the invoice date.

75.     Throughout the Sales Period, Company wholly failed to pay Plaintiff within the applicable payment terms that were in effect at the time of the transactions.

76.     The Produce related invoices from Plaintiff to Company, which are identified in <u>Exhibit D</u>, remain unpaid.

77.     Upon information and belief, at all times relevant hereto, Company lacked the ability to pay its creditors in the ordinary course of business and was insolvent.

78.     The matters and actions or inactions alleged in this Count III constitute violations by Company of Section 2 of the PACA.

79.     As a direct result of Company's failure to pay Plaintiff within terms, the Plaintiff has incurred damages in an amount not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT IV**
**<u>BREACH OF CONTRACT</u>**
**COMPANY**

80.     Plaintiff re-alleges paragraphs 1 through 79 as though fully set forth herein.

81.     Plaintiff and the Company entered the Agreement attached hereto as <u>Exhibit E</u>.

82.     In the Produce transactions, Plaintiff agreed to sell Produce to the Company and the Company agreed, *inter alia*, to purchase, receive, and accept Produce from Plaintiff.

83.     Plaintiff delivered or otherwise caused all the Produce identified in Exhibit D to be delivered to the Company or its agents and has satisfied all conditions of its contract with Company.

84.     Company received and accepted all of the Produce identified in Exhibit D within the State of California.

85.     Company failed to reject or otherwise object to its receipt of any load of Produce identified in Exhibit D.

86.     Company failed to pay or otherwise deliver good funds to Plaintiff for each shipment of Produce identified in the invoices included in Exhibit D within the applicable payment terms that were in effect at the time of each transaction.

87.     Upon information and belief, at all times relevant hereto, Company lacked the ability to pay its creditors in the ordinary course of business and was insolvent.

88.     Plaintiff is an unpaid supplier of Produce holding Produce related invoices to the Company that remain unpaid.

89.     As a direct result of Company's breaches of contract, Plaintiff has incurred damages in an amount not less than $453,854.45, plus further interest, costs

of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT V
## **BREACH OF FIDUCIARY DUTY**
## **PRINCIPALS**

90.     Plaintiff re-alleges paragraphs 1 through 89 as though fully set forth herein.

91.     At all times relevant to this action, the Principals were each officers, directors, or shareholders of the Company, and were each in charge of its business undertakings.

92.     At all times relevant to this action, Principals each controlled and managed Company's operations and each had control over Company's financial dealings, including those involving the PACA Trust Assets.

93.     At all times relevant to this action, the Principals were each in a position to control and manage Company's operations and had the ability to control Company's financial dealings, including those involving the PACA Trust Assets.

94.     At all times relevant to this action, the Principals each had the authority to direct the payment of Company's operating funds and otherwise had the power to direct the application or disposition of its PACA Trust Assets.

95.     At all times relevant to this action, the Principals were each in a position to influence Company's application of its operating funds and otherwise had the power to influence the application or disposition of its PACA Trust Assets.

96.     Upon information and belief, at all times relevant to this action, Principals were each authorized signatories on Company's bank account(s) and otherwise each had the power to direct the application or disposition of its PACA Trust Assets.

97.     As an officer, director, or shareholder of Company, Principals each possessed a statutory duty to ensure that Company performed all duties, express or implied, arising out of Company's undertakings in connection with Company's Produce transactions, which included, *inter alia*, ensuring Company's compliance with its obligations to Plaintiff and others under PACA.

98.     As officers, directors, or shareholders of Company, Principals were each in a position to exercise judgment, discretion or control over Company's operations and its financial dealings, which included, *inter alia*, ensuring that Company neither acted nor failed to act in any manner that could result in Company's violation of its obligations to Plaintiff and others under PACA.

99.     As officers, directors, or shareholders of Company, Principals each knew or should have known of Company's failure to promptly pay Plaintiff for each shipment of Produce identified in Exhibit D.

100.   As officers, directors, or shareholders of Company, Principals each possessed the power necessary to counteract or obviate the decisions of Company not to pay Plaintiff.

101.   Because Principals each controlled or were in a position to control Company, and the Plaintiff has not been paid pursuant to the terms of the invoices identified in <u>Exhibit D</u>, Principals have each breached their fiduciary duties under PACA.

102.   Because the Principals were each either in control or were in a position to control Company, and Principals each failed to ensure that there were, at all times, sufficient assets available to satisfy all of Company's obligations to Plaintiff, and others, as unpaid Produce suppliers, Principals have each breached their fiduciary duties under PACA.

103.   As officers, directors, or shareholders of the Company, the Principals were each in a position to exercise judgment, discretion or control over the Company's operations and its financial dealings, which included, *inter alia*, ensuring that the Company neither acted nor failed to act in any manner that could result in the diversion of PACA Trust Assets or that could prejudice or impair the ability of the Company's unpaid Produce suppliers, such as the Plaintiff herein, to recover money owed to each of them in connection with their respective Produce transactions with the Company.

104.   The Principals each continue to hold any and all PACA Trust Assets having come into their individual or collective possession as trustees for the Plaintiff's beneficial interest in the PACA trust.

105.   Upon information and belief, during the Sales Period, Principals each knew or should have known that the Company lacked the ability to pay its bills as they fell due in the ordinary course of business and was otherwise insolvent.

106.   Because the Principals were each either in control or in a position to control Company, and Principals each failed to counteract or obviate the decisions of Company not to pay Plaintiff, Principals have each breached their fiduciary duties under PACA.

107.   Because Principals each controlled or were in a position to control Company, and Company failed to remit to Plaintiff any of the proceeds Company received from its sale of the Produce identified in <u>Exhibit D</u>, Principals have each breached his fiduciary duties under PACA.

108.   Principals are each personally liable to Plaintiff, which liability is joint and several with Company and the other Principals, for their respective breaches of fiduciary duties under PACA in an amount not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, to be satisfied from the Principals' personal assets.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT VI
## <u>INTERFERENCE WITH RECEIPT OF TRUST ASSETS</u>
## PRINCIPALS

109.   Plaintiff re-alleges paragraphs 1 through 108 as though fully set forth herein.

110.   The Principals are each officers, directors, or shareholders of the Company.

111.   At all times relevant to this action, the Principals were each either in control or in a position to control the PACA Trust Assets of the Company.

112.   On information and belief, the Principals each caused the Company to commit a breach of the PACA trust by, *inter alia*, transferring PACA Trust Assets from the Company to non-PACA trust beneficiaries in violation of his duties under the PACA.

113.   Principals each knew or should have known, at the time the Company transferred its PACA Trust Assets to non-PACA trust beneficiaries, Company lacked the ability to pay its PACA trust creditors and was otherwise insolvent.

114.   The Plaintiff is an unpaid supplier of Produce and, thus, a PACA trust beneficiary who is entitled to immediate distribution of the Company's PACA Trust Assets by virtue of the unpaid invoices identified in <u>Exhibit D</u>.

115.   On information and belief, persons or entities who are not PACA trust beneficiaries received PACA Trust Assets subject to the Plaintiff's trust claims herein.

116.   Principals were each responsible for or in a position of responsibility for overseeing, managing, and directing the Company's use of its PACA Trust Assets.

117.   In transferring PACA Trust Assets from the Company to non-PACA trust beneficiaries, the Principals each damaged that property and/or interfered with its delivery to Plaintiff and other similarly situated PACA trust beneficiaries.

118.   The Principals each failed to preserve the PACA Trust Assets for the benefit of the Plaintiff and other similarly situated PACA trust creditors.

119.   The Principals each benefitted from Company's transfer of PACA Trust Assets from Company to non-PACA trust beneficiaries.

120.   As a direct result of the Principals' interference with the PACA Trust Assets and the delivery of the same to the Plaintiff, the Plaintiff has incurred damages in an amount not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, to be satisfied from the Principals' personal assets.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT VII**
**PACA VIOLATION (UNFAIR TRADE PRACTICE):**
**<u>BREACH OF EXPRESS OR IMPLIED DUTY</u>**
**7 U.S.C. § 499b(4)**
**COMPANY & PRINCIPALS**

121.   Plaintiff re-alleges paragraphs 1 through 120 as though fully set forth herein.

122.   As a dealer of Produce, Company possessed a duty to "perform any specification or duty, express or implied, arising out of any undertaking in connection with any [Produce] transaction" with Plaintiff and other similarly situated PACA trust beneficiaries.

123.   As a dealer of Produce, Company possessed a duty to "make full payment promptly" to Plaintiff and other similarly situated PACA trust beneficiaries.

124.   As a dealer of Produce, Company possessed a duty to "exercise reasonable care and diligence in disposing of the produce promptly and in a fair and reasonable manner."

125.   As persons in control of Company, the Principals each also had the duties and responsibilities set forth in the preceding paragraphs.

126.   Company and Principals' failure to pay Plaintiff for the Produce transactions identified in <u>Exhibit D</u> constitutes a violation of an express duty under Section II of PACA.

127.   Company and Principals' failure to use reasonable care in disposing of Plaintiff's Produce (i.e., selling it to third parties and not paying Plaintiff for the same) constitutes a violation of an express duty under Section II of PACA.

128.   Company and Principals' use or disposition of any funds or other PACA Trust Assets in a manner that impairs or endangers the Company's ability to faithfully and promptly pay Plaintiff and other similarly situated PACA trust beneficiaries constitutes a violation of an express duty under Section II of PACA.

129.   As a direct and proximate result of Defendants' breaches of their express and implied duties under PACA, Plaintiff has incurred damages in an amount not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT VIII**
**BREACH OF GOOD FAITH AND FAIR DEALING UNDER PACA**
**COMPANY & PRINCIPALS**

130.   Plaintiff re-alleges paragraphs 1 through 129 as though fully set forth herein.

131.   As a commission merchant or dealer of Produce, Company and its Principals each possessed a statutory duty to deal with Plaintiff pursuant to a standard of honesty in fact and were further obligated to observe commercial standards of fair dealing in the Produce trade, which standard is defined, *inter alia*, in Section 2 of PACA.

132.   Company and its Principals each breached their obligation of good faith and fair dealing by, among other things, receiving and accepting Produce from Plaintiff on credit when the Principals each knew or should have known of the Company's insolvency; selling Plaintiff's Produce to third parties and failing to pay Plaintiff for the Produce shipments identified in Exhibit D; and, making false statements or promises regarding payment to Plaintiff for said Produce transactions.

133.   As a direct and proximate result of Company and its Principals' wrongful conduct, Plaintiff has been damaged in an amount not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT IX**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS**
**CODE SECTION 17200**
**COMPANY & PRINCIPALS**

134.   Plaintiff re-alleges paragraphs 1 through 133 as though fully set forth herein.

135.   Plaintiff suffered an economic injury from the actions of Company and Principals.

136.   The economic injury or injuries suffered by Plaintiff was the result of unfair business practices by Defendants, both Company and Principals.

137.   Company and Principals' actions in violation of the various provisions of the Perishable Agricultural Commodities Act articulated throughout this Complaint caused Plaintiff to suffer the loss of monies, in an amount in excess of $453,854.45.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT X**
**COMMON COUNTS**
**ACCOUNT STATED**
**COMPANY**

138.   Plaintiff re-alleges paragraphs 1 through 137 as though fully set forth herein.

139.   Company owes money on an account states, as identified in Exhibit D.

140.   Company has not objected to the amount due to Sun Hong, either by words or by conduct.

141.   Company, by way of the Agreement attached hereto as Exhibit E promised to remit payment due to Sun Hong on the account.

142.   Company has failed to pay Plaintiff in an amount not less than $453,854.45, plus further interest, costs of handling, storage, disposition of distressed Produce, costs of collection and attorneys' fees.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT XI**
**COMMON COUNT: OPEN BOOK ACCOUNT**
**COMPANY**

143.   Plaintiff re-alleges paragraphs 1 through 142  as though fully set forth herein.

144.   Plaintiff and Company entered in the Agreement attached hereto as Exhibit E.

145.   Plaintiff kept an account of the debits and credits involved in the transactions, as identified in Exhibit D.

146.   Company owes Plaintiff $453,854.45, plus further interest, costs of handling, storage, disposition of distressed Produce, costs of collection and attorneys' fees.

WHEREFORE, Plaintiff respectfully seeks the entry of an Order providing as follows:

A)   As to Count I:   (i) entering an Order creating a common fund and/or otherwise compelling the preservation of the Defendants' PACA Trust Assets for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entering an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff, (iii) entering an order directing Company to cease and desist all business operations unless and until the Court is completely satisfied that Company is properly capitalized, not insolvent, and able to operate in compliance with PACA, and; (iv) entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action;

30

B)     As to Count II, entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, for failing to maintain the PACA trust, in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

C)     As to Count III, entering a Final Judgment in favor of Plaintiff and against the Company, for failing to promptly pay Plaintiff, in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

D)     As to Count IV, entering a Final Judgment in favor of Plaintiff and against the Company for breach of contract in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

E)     As to Count V, entering a Final Judgment in favor of Plaintiff and against the Principals, on a joint and several basis with the Company, for a breach of their fiduciary duties to the PACA trust, in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of

distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

F)      As to Count VI, entering a Final Judgment in favor of Plaintiff and against the Principals, on a joint and several basis with the Company, for tortious interference with receipt of the PACA Trust Assets, in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

G)      As to Count VII, entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, for their breach of express or implied duties under PACA in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

H)      As to Count VIII, entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, for their breach of their duty of good faith and fair dealing under PACA, in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein; and

I)    As to Count IX, entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein; and all statutory fees awarded for violation of California Business and Professions Code Section 17200.

J)    As to Count X, entering a Final Judgment for Common Counts in favor of Plaintiff and against the Defendants, jointly and severally in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein; and

K)    As to Count XI, entering a Final Judgment for Common Counts in favor of Plaintiff and against the Defendants, jointly and severally in the current amount of not less than $453,854.45, plus further interest, costs of handling, storage, and disposition of distressed Produce, and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein; and

L)    Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Dated: November 26, 2019

WALLACE JORDAN RATLIFF
& BRANDT LLC

By: *Jason R. Klinowski, Esq.*
      Jason R. Klinowski, Esq.
    *(Pro Hac Vice Forthcoming)*

800 Shades Creek Parkway
Suite 400
Birmingham, Alabama 35209
Tel: (205) 847-0371
Fax: (205) 874-3287
jklinowski@wallacejordan.com
*Lead Counsel for Sun Hong Foods,*

DIEMER & WEI, LLP

By: *Kathryn Diemer, Esq.*
Kathryn Diemer, Esq.

Kathryn Diemer, Esq. (CA SBN 133977)
DIEMER & WEI, LLP
100 West San Fernando Street Suite 555
San Jose, California 95113
Tel: (408) 971-6270
Email: kdiemer@diemerwhitman.com
*Local Counsel for Sun Hong Foods,*