Kathryn S. Diemer, Esq.
DIEMER & WEI, LLP
100 W. San Fernando Street. Suite 555
San Jose, California 95113
Tel: (408) 971-6270
E-mail: kdiemer@diemerwei.com

Jason R. Klinowski, Esq.
(*Pro Hac Vice Forthcoming*)
WALLACE JORDAN RATLIFF
& BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 847-0371
E-mail: jklinowski@wallacejordan.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUN HONG FOODS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OUTSTANDING FOODS, INC., WILLIAM "BILL" GLASER, and DAVID "DAVE" ANDERSON, each individually, and DOES 1 through 10.<br><br>Defendants. | Case No. 2:19-cv-10121<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**<br><br>Date: January 22, 2020<br>Time: 10:00 a.m.<br>Place: 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 590.<br>Judge: Hon. Rozella A. Oliver |

## STATEMENT OF FACTS

Plaintiff Sun Hong Foods, Inc. ("Plaintiff" or "Sun Hong") buys and sells wholesale quantities of perishable agricultural commodities. Defendant Outstanding Foods, Inc. ("Defendant" or "Outstanding Foods") is a purveyor of vegan snack foods. At all times relevant hereto, Outstanding Foods was engaged, directly or indirectly, in the business of purchasing or selling produce in wholesale or jobbing quantities, constituting a "dealer" of produce as defined

by PACA.

On or about February 14, 2019, Plaintiff and Outstanding Foods entered into a Distribution Agreement (the "Agreement") in which they agreed to purchase from Plaintiff at least 3200 cases (i.e., $42,400.00) of the King Oyster Mushrooms every two weeks, at the rate of $13.25 per 11-pound case. A true and correct copy of the Agreement is attached to the Declaration of Jay Ding as Exhibit A. Under the terms of the Agreement, Outstanding Foods could reduce the amount purchased by giving written notice at least fifty (50) days prior to the date set for delivery. The fifty (50) day lead time was designed to allow Plaintiff to stop shipments from its overseas grower.

Pursuant to the Agreement, Plaintiff delivered or otherwise caused all the required produce to be delivered to Defendant or its agents and has satisfied all conditions of the Agreement. Defendant received and accepted all of the produce delivered and failed to reject or otherwise object to its receipt of any load of produce under the Agreement. Subsequently, Defendant failed to pay or otherwise deliver good funds to Plaintiff for the goods received. A true and correct copy of the unpaid invoices is attached to the Declaration of Jay Ding as Exhibit B.

Via letter dated September 19, 2019, Defendant notified Plaintiff of its decision to terminate the parties' Agreement. Plaintiff received Defendant's contract termination notice on September 20, 2019, which resulted in the effective termination of the Agreement on October 20, 2019. Defendant owes Plaintiff money under the Agreement in the amount of $453,854.4, plus attorneys' fees associated with the preparation of the Complaint and this Application for Writ of Attachment. A true and correct copy of the unpaid invoices is attached to the Declaration of Jay Ding as Exhibit B.

## **LEGAL ARGUMENT**

**A. FRCP 64 Authorizes This Court to Issue a Writ of Attachment Utilizing California State Court Law and Procedure.**

Federal Rule of Civil Procedure 64 specifically authorizes this Court to issue a writ of attachment pursuant to California state court law and rules authorizing a pre-judgment writ of attachment pursuant to CCP Section 431 et seq.

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."

FRCP 64(a).

It is black letter law that a district court applies the law of the state in which the district court sits to motions for pre-judgment writs of attachment.

> In all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered.
>
> *Granny Goose Foods v. Bhd. Of Teamsters & Auto Truck Drivers* (1974) 415 U.S. 423.

California authorizes the granting of a pre-judgment writ of attachment to a plaintiff who is likely to prevail on a breach of contract for a sum certain. The writ of attachment may include not only the amount of the debt owed, but interest, estimated costs and attorneys' fees. Cal. Code Civ. Proc. § 482.110(b).

**B. The Standard for Issuance of a Writ of Attachment:**

California Code of Civil Procedure Section 485.090 sets forth the elements necessary for issuance of a writ of attachment:

1. "The claim upon which attachment is based is one upon which an attachment may be issued;
2. The applicant has established the 'probable validity' of the claim upon which the attachment is based;
3. The attachment is not sought for a purpose other than the recovery on the claim which the request for attachment is based; and
4. The amount to be secured by the attachment is greater than zero."

*C&C Textile Co. v. Private Label Sourcing, LLC* (2008) U.S. Dist. LEXIS 128966.

Plaintiff satisfies all the requirements for the Court to issue the requested pre-judgment writ of attachment.

**C. Plaintiff's Claim Meets the Four Elements Required to Issue a Pre-Judgment Writ of Attachment.**

3

### i. The Contract Is A Written Contract For A Sum Which Is Easily Ascertainable Arising From A Business Dispute.

This case presents the classic fact pattern for issuance of a pre-judgment writ of attachment. Plaintiff's claim is for 1) money based upon a written contract, 2) the amount owed is easily ascertainable amount greater than $500, 3) the claim is for unsecured funds, and 4) the claim arises from a business, not consumer, contract. Cal. Code Civ. Proc. § 483.010(a); *Pet Food Express Ltd. v. Royal Canin United States Inc.,* (2009) U.S. Dist. LEXIS 65141.

Sun Hong and Outstanding Foods entered into a contract related to the purchase and distribution of a perishable agricultural commodity: mushrooms. The Agreement between Sun Hong and Outstanding Foods is in writing. See, Exhibit A attached to the Declaration of Jay Ding. Plaintiff's breach of contract claim arises from money owed on this written contract between the parties.

The amount owed is readily ascertainable from the contract. The Agreement requires Defendant to purchase at least 3200 cases of king oyster mushrooms every two weeks, at the rate of $13.25 per 11-pound case. Plaintiff issued invoices for each order delivered and accepted. Defendant was required to pay these invoices within 30 days from issuance. The sum of Defendant's unpaid invoices form the basis of the underlying debt. *See*, Exhibit B to the Declaration of Jay Ding.

Plaintiff's debt is not secured by any form of collateral. Accordingly, Plaintiff seeks this Writ of Attachment as its only means to protect its right, and ability, to collect on a future judgment in its favor.

The claim arises from a commercial contract for the purchase and supply of mushrooms. Plaintiff and Defendant are engaged in commerce as buyers and sellers of produce: Plaintiff specializes in distributing king oyster mushrooms on the wholesale level, while Defendant is a

purveyor of vegan snack foods.

> "Supplier Sun Hong Foods is one of the national leaders in selling, marketing and distributing fresh king oyster mushrooms (the 'Goods') to restaurants, wholesalers, and supermarkets, and … Buyer is a producer, manufacturer and distributor of plant-based snack food products … the Parties wish to enter this Distribution Agreement wherein buyer will purchase Goods from Supplier and Supplier will sell Goods on the terms set forth below."

*See*, Exhibit A to the Declaration of Jay Ding.

Plaintiff's breach of contract claim meets the statutory requirements upon which an attachment may be issued.

### ii. Plaintiff Will Prevail on Its Breach of Contract Claim Against Defendant.

Probable validity requires a plaintiff to prove it is more likely than not that it will obtain a judgment against the defendant on its claim. Cal. Code Civ. Proc. § 481.190.

> "In determining the probable validity . . . the court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation."

*Pet Food Express Ltd. v. Royal Canin United States Inc.,* (2009) U.S. Dist. LEXIS 65141.

Plaintiff has met its burden of probable validity because it has established all of the requirements of a valid breach of contract claim: (1) The parties had a valid contract; (2) Plaintiff performed all of its obligations; (3) Defendant failed to perform on their obligations under the contract; (4) Plaintiff was harmed by Defendant's failure to perform. See, *Richman v. Hartley* (2014) 224 Cal. App.4th 1182; Judicial Council of California, Civil Jury Instruction No. 303.

The Distribution Agreement dated February 14, 2019, is a valid contract between Plaintiff and Defendant. Plaintiff agreed to sell produce to Defendant, and Defendant agreed to purchase and receive produce from Plaintiff. Defendant agreed to be liable for the amount due under each invoice, 30 days from the date of the receipt of conforming goods. Defendant also agreed to indemnify Plaintiff from any damages, liabilities, losses, costs, and expenses (including attorneys'

fees and costs) resulting from a breach of the Agreement by Defendant. A true and correct copy of the Agreement is attached to the Declaration of Jay Ding as Exhibit A.

Plaintiff performed all its contractual obligations by delivering the produce required under the Agreement. Defendant received and accepted all produce delivered by Plaintiff. Defendant failed to reject or otherwise object to the receipt of any load of produce delivered under the Agreement. See, Declaration of Jay Ding.

Defendant breached the Agreement by failing to make the required payments as they became due. Defendant has not attempted to cure its default. Defendant has not notified Plaintiff of any concerns with the contract or any possible defenses they may raise. Plaintiff is informed and believes that Defendant is currently insolvent and is not paying due to a lack of funds. See, Declaration of Jay Ding.

As a direct result of Defendant's breach of contract, Plaintiff incurred damages in the amount of $453,854.45, plus further attorneys' fees incurred in preparing the Complaint and this Application for Writ of Attachment in the amount of $7,740 and court costs of $400.

### iii. The Right to Attach Order and Writ of Attachment Are Sought For Recovery on the Underlying Claim

The Right to Attach Order and Writ of Attachment are not sought for any purpose other than security on the underlying claim. Plaintiff seeks only the amount due in connection with Defendant's breach of the written agreement, and interest and costs incurred therein.

### iv. The Amount To Be Secured By Attachment Is Greater Than Zero.

Plaintiff meets the requirement that the amount to be secured by this attachment is greater than zero. The amount to be attached is $461,994.45.

### CONCLUSION

Plaintiff respectfully requests that this Court grant its Application for a Right to Attach Order and Writ of Attachment against Defendants in the amount of $453,854.45, plus further attorneys' fees incurred in preparing the Complaint and this Application for Writ of Attachment

1 | in the amount of $7,740 and court costs of $400. Plaintiff requests a Right to Attach Order and a
2 | Writ of Attachment in the amount of **$461,994.45.**

3

**RESPECTFULLY SUBMITTED** this 16th day of December 2019.

4

5 | WALLACE JORDAN RATLIFF & BRANDT LLC

DIEMER & WEI, LLP

By: *Kathryn S. Diemer, Esq.*
Kathryn S. Diemer, Esq.

By: *Jason R. Klinowski, Esq.*
Jason R. Klinowski, Esq.
*Pro Hac Vice Forthcoming*

100 W. San Fernando Street. Suite 555
San Jose, California 95113
Tel: (408) 971-6270
E-mail: kdiemer@diemerwei.com
*Local Counsel for Produce Pay, Inc.*

800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 847-0371
Fax: (205) 874-3287
E-mail: jklinowski@wallacejordan.com
*Lead Counsel for Produce Pay, Inc.*