JACOB M. HARPER (State Bar No. 259463)
  JHarper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  JamesMoon@dwt.com
ARLEEN C. FERNANDEZ (State Bar No. 318205)
  ArleenFernandez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

ASHLEY VULIN (*pro hac vice forthcoming*)
  AshleyVulin@dwt.com
DAVIS WRIGHT TREMAINE LLP
Suite 2400, 1300 SW Fifth Avenue
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Fax: (503) 778-5299

Attorneys for Defendants
OUTSTANDING FOODS, INC.,
WILLIAM GLASER, AND
DAVID ANDERSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUN HONG FOODS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>OUTSTANDING FOODS, INC., WILLIAM GLASER, and DAVID ANDERSON, each individually, and DOES 1 through 10,<br><br>Defendants. | Case No. **2:19-cv-10121-PSG (MAAx)**<br>Assigned to the Hon. Philip S. Gutierrez<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declaration Of James H. Moon; Declaration of Ashley Vulin; Proposed Order Filed Concurrently*]<br><br>Date:        March 30, 2020<br>Time:        1:30 p.m.<br>Courtroom:  6A<br><br>Action Filed:  November 26, 2019 |

## <u>NOTICE OF MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 30, 2020, at 1:30 p.m., in Courtroom 6A of the above-captioned Court, located at 350, W. 1st Street, Los Angeles, CA 90012, Defendants Outstanding Foods, Inc., David Anderson, and William Glaser will and hereby do move the Court for an order dismissing with prejudice the Complaint of Plaintiff Sun Hong Foods, Inc. pursuant to Federal Rules of Civil Procedure 8 and 12(b)(1) and (6).

This motion is made on the grounds that the Complaint fails to state a claim upon which relief may be granted because 1) Sun Hong did not adequately allege that Mr. Anderson controlled PACA assets; 2) Sun Hong alleges no facts to support its claims that all Defendants failed to maintain any PACA trust or otherwise interfered with PACA assets, so Count II must be dismissed in its entirety and Counts I, V, VI, VII, VIII, and IX must be dismissed to the extent they rely upon the same claim; 3) since Sun Hong cannot maintain its claim that Outstanding Foods failed to maintain PACA trust assets, all of the claims against the individual defendants must also be dismissed; and 4) Plaintiff lacks standing for the injunctive relief under Court I, to the extent it seeks an Order directing Defendants to turn over PACA assets for the benefit of any trust beneficiary other than Plaintiff.

This motion is based on this notice and motion; the attached memorandum; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 6, 2020, January 31, 2020, and February 3, 2020.

///

///

///

[Signature on the following page]

1  Dated:  February 7, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
    Jacob M. Harper

*Attorneys for Defendants*
*Outstanding Foods, Inc., William*
*Glaser, and David Anderson*

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ...........................1

II.   FACTUAL BACKGROUND ........................................................................2

    A.   Agreement and Litigation ......................................................................2

    B.   Allegations Against Mr. Anderson .......................................................3

    C.   Allegations Regarding Dissipation of PACA Assets............................3

III.   ARGUMENT ........................................................................................3

    A.   Sun Hong's Claims Against Mr. Anderson Fail as a Matter of Law........................................................................................................4

        1.   Mr. Anderson did not control the PACA assets. ........................4

    B.   Sun Hong Alleges No Facts to Support Its Claims that Defendatns Failed to Preserve PACA Trust Assets (Counts I, II, V, VI, VII, VIII, and IX)........................................................................7

        1.   Sun Hong's Vague Business Activities Allegations Are Insufficient to Plead Dissipation of Trust Assets. ..............7

        2.   With No Allegations of Trust Dissipation, Sun Hong Fails to Plead Claims Against Mr. Anderson or Mr. Glaser...............................................................................12

    C.   Sun Hong Lacks Standing to Seek an Order to Turn Over PACA Assets for the Benefit of *Other* Trust Beneficiaries.  (Count I)..........14

IV.   CONCLUSION ..........................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Pages**

## <u>Cases</u>

*Abbate Family Farms Ltd. P'ship v. G.D. Fresh Distrib., Inc.*,
  No. 1:12–cv–0303 LJO–BAM, 2012 WL 2160959 (E.D. Cal. June 13, 2012)..... 13

*Am. Banana Co. v. Republic Nat'l Bank of N.Y., N.A.*,
  362 F.3d 33 (2d Cir. 2004)................................................................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................... 4

*Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*,
  623 F.3d 163 (3d Cir. 2010) ............................................................................. 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................... 4

*Boulder Fruit Exp. V. Heger Organic Farm Sales v. Transp. Factoring, Inc.*,
  251 F.3d 1268 (9th Cir. 2001)........................................................................... 8

*C.H. Robinson Co. v. Alanco Corp.*,
  239 F.3d 483 (2d Cir. 2001) ............................................................................. 9

*Chong's Produce, Inc. v. Pushpak Rests., Inc.*,
  No. 15-cv-04923-HRL, 2017 U.S. Dist. LEXIS 36498 (N.D. Cal. Feb. 27, 2017). 5

*EEOC v. Goodyear Aerospace Corp.*,
  813 F.2d 1539 (9th Cir. 1987)......................................................................... 14

*Farm-Wey Produce, Inc. v. Wayne L. Bowman Co.*,
  973 F. Supp. 778 (E.D. Tenn. 1997) ............................................................ 9, 11

*Fresh Packing Corp. v. Guicho*,
  No. 15-CV-01551-LHK, 2016 U.S. Dist. LEXIS 47324 (N.D. Cal. Apr. 6, 2016)  6

*Goonewardene v. ADP, LLC*,
  434 P.3d 124 (Cal. 2019) ...................................................................... 14

*In re Bear Kodiak Produce, Inc.*,
  283 B.R. 577 (Bankr. D. Ariz. 2002)..................................................... 11

*Johnston Farms v. Yusufov*,
  No. 1:17–cv–00016–LJO–SKO,
  2017 WL 6571527 (E.D. Cal. Dec. 26, 2017) ................................. 11, 13

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S. Ct. 2130 (1992) .................................................. 14

*Onions Etc. v. Z & S Fresh Inc.*,
  No. 1:09–cv–00906, 2011 WL 3348039 (E.D. Cal. Aug. 2, 2011) ........................ 5

*Price Cold Storage v. Wash. Organic Dried Fruit & Juice LLC*,
  182 F. App'x 671 (9th Cir. 2006) ........................................................ 5, 6

*S & H Packing & Sales Co. v. Tanimura Distrib., Inc.*,
  883 F.3d 797 (9th Cir. 2018)..................................................................... 8

*Shepard v. K.B. Fruit & Vegetable, Inc.*,
  868 F. Supp. 703 (E.D. Pa. 1994) ..................................................... 5, 13

*Sunkist Growers v. Fisher*,
  104 F.3d 280 (9th Cir. 1997).......................................................... 5, 6, 12

*Wahluke Produce, Inc. v. Guerra Marketing Int'l Inc.*,
  No. 1:11–cv–1981 LJO–BAM, 2012 WL 1601876 (E.D. Cal. May 7, 2012)....... 13

**Statutes**

7 U.S.C. § 499b(4) ............................................................................. 7, 8, 10

7 U.S.C. § 499e(a) ....................................................................................... 6

7 U.S.C. § 499e(c) ................................................................................................ 8

Cal. Civ. Code § 1559 ........................................................................................ 14

**<u>Regulations</u>**

7 C.F.R. § 46.46(a)(2) .......................................................................................... 8

7 C.F.R. § 46.46(d)(1) ...................................................................................... 7, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Sun Hong, Inc. ("Sun Hong") improperly seeks to turn a standard breach of contract dispute with defendant Outstanding Foods, Inc. ("Outstanding Foods") into one for personal liability against an individuals, defendant David Anderson ("Anderson") and Bill Glaser ("Glaser") without justification.  In the first place, Sun Hong does not allege legally sufficient facts to support its allegations that Mr. Anderson had control over the PACA assets such that he could be liable for any PACA claims asserted against Outstanding Foods.  Second, Sun Hong further failed to allege facts that *any* defendants failed to preserve any Perishable Agricultural Commodities Act ("PACA") trust funds – rather, Sun Hong essentially alleges that engaging in any business activities at any time after the creation of the trust is a "dissipation" of trust assets.  *See* Compl.,  ¶64, 65.[1]  While the parties may have a legitimate dispute over liabilities and damages, Sun Hong cannot maintain that merely undertaking unspecified business activities equates to a lack of solvency and liquidity necessary to satisfy potential PACA claims.  Sun Hong then seeks to use this unsupported claim to pursue a multitude of claims against Mr. Anderson and Mr. Glaser *personally*.  This Court should reject Sun Hong unjustified bullying tactics.

Because Sun Hong has failed to allege any valid claim or request for relief for Counts I, IIV, VI, VII, VIII, and IX as against Mr. Anderson; Count II in its entirety (and Counts I, V, VI, VII, VIII, and IX to the extent they rely upon the claim in Count II); all counts against Mr. Anderson and Mr. Glaser that rely upon Count II

---

[1] "On information and belief, Company issued checks or otherwise made payment to various entities to individuals during the Sales Period while Plaintiff's Produce related invoices to Company remained unpaid." *Id.* at ¶ 64.  "On information and belief, Company issued checks or otherwise made payments to entities and individuals other than unpaid Produce suppliers, including Plaintiff herein, during the Sales Period." *Id.* at ¶65.

MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(Counts I, V, VI, VII, VIII, and IX[2]); and for the injunctive relief sought in Count I. Thus, the Court should dismiss the Complaint as to those claims.  Because Sun Hong cannot remedy its claim—based on the applicable law – the dismissal should be with prejudice.

## II.     FACTUAL BACKGROUND

### A.     Agreement and Litigation

This dispute centers on a failed business relationship involving Defendant Outstanding Foods, Plaintiff Sun Hong, and Cross-Defendant Warnock Foods, Inc.[3] In February 2019, the Outstanding Foods and Sun Hong entered into an agreement for Sun Hong to supply mushrooms to Outstanding Foods (the "Distribution Agreement"), to be delivered to and processed by Warnock.  *See* Compl., Ex. E (Distribution Agreement), *and* Ex. D (Invoices, showing delivery to Warnock).  As Sun Hong admits, Outstanding Foods cancelled future orders on September 19, 2019.

Sun Hong initiated this action on November 26, 2019.  (*See* Compl., ECF No. 1.)  Sun Hong's Complaint includes eleven causes of action based on purported violations of the Perishable Agricultural Commodities Act ("PACA") and common law.  The crux of the Complaint is that Outstanding Foods failed to pay Sun Hong for shipments of mushrooms sourced from China under the parties' Distribution Agreement.  Sun Hong also sued (1) William Glaser, an officer and director of

---

[2] Allegations in these claims regarding dissipation of trust assets are found in each of these claims.  Count I (¶¶56, 58); Count II (entirety); Count V (¶¶102, 103, 105), Count VI (¶¶112, 113, 115, 117, 118), Count VII (¶¶127, 128), Count VIII (¶¶132), Count IX (¶¶136, 137).

[3] Contemporaneously with this Motion to Dismiss, Outstanding Foods is 1) filing a third-party complaint against Defendant Warnock Foods, Inc., relating to disgorgement of the PACA assets from Warnock and failures by Warnock Foods to fulfill its obligations to process and package the mushrooms as required under its agreement with Outstanding Foods; and 2) filing counterclaims against Sun Hong relating to failures in Sun Hong's performance under the Distribution Agreement.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   Outstanding Foods, and (2) David Anderson, the "Executive Chef & Co-Founder"
2   of Outstanding Foods on secondary theories of liability (referred to in the
3   Complaint as the "Principals").

4        **B.**     **Allegations Against Mr. Anderson**

5        Sun Hong alleges that Anderson is "in a position to exercise dominion and
6   control over Company."  The sole fact it pleads in support of this allegation is that
7   Anderson's LinkedIn Profile allegedly states he is "Executive Chef and Co-
8   Founder" of Outstanding Foods.  Compl, ¶6(c) and Ex. C.

9        **C.**     **Allegations Regarding Dissipation of PACA Assets**

10        In regards to Outstanding Foods' preservation of the PACA trust, Sun Hong
11   alleges "upon information and belief, Defendants failed to preserve sufficient funds
12   to fully satisfy all qualified PACA claims…"  Compl., ¶44.  Sun Hong makes
13   additional conclusory allegations that Outstanding Foods lacked liquidity or was
14   inadequately capitalized, but likewise includes no specific factual allegations
15   regarding these allegations.  *Id.* at ¶¶ 46, 47.  Sun Hong alleges that the "[o]n
16   information and belief, Company issued checks or otherwise made payment to
17   various entities and individual during the Sales period while Plaintiff's Produce
18   related invoices to Company remained unpaid."  *Id.* at ¶ 64.  Plaintiff does not
19   allege what specific improper payments or checks were made.  As to the individual
20   defendants, Sun Hong alleges the "Principals each failed to voluntarily cease
21   business operations and to otherwise refrain from receiving and accepting Produce
22   on credit while Company was either insolvent or during a time when Company's
23   liabilities exceeded its assets or it was unable to pay its undisputed debts when they
24   became due."  *Id.* at ¶52.

25   **III.**    **ARGUMENT**

26        Sun Hong's Complaint should be dismissed in part, with prejudice, as
27   detailed below because it has failed to (1) allege that Mr. Anderson controlled
28   PACA assets such that he would be individually liable for them; (2) adequately

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

alleged any Defendants have failed to maintain the PACA trust or otherwise dissipated trust assets (and thus that the individual defendants can bear personal liability for the losses), and (3) establish standing to seek injunctive relief on behalf of unnamed and unknown additional PACA trust beneficiaries.

Sun Hong merely offers conclusory allegations that are not entitled to any presumption of truth and are not sufficient to state any claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (courts require "more than labels and conclusions" to support a complaint in the face of a motion to dismiss).

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 6, 2020, January 31, 2020, and February 3, 2020. *See* Declaration of James Moon, ¶2, *and* Declaration of Ashley Vulin, ¶2.

### A.     Sun Hong's Claims Against Mr. Anderson Fail as a Matter of Law.

Sun Hong asserts claims against Defendant Anderson for enforcement of the PACA trust (Count I); for failure to maintain a PACA trust (Count II); breach of fiduciary duty (Count V); interference with receipt of trust assets (Count VI); PACA violation for breach of express or implied duty (Count VII); breach of good faith and fair dealing under PACA (Count VIII); and violation of California's Business and Professions Code § 17200 (Count IX).  Although numerous, these claims all fail for similar reasons.

#### 1.     Mr. Anderson did not control the PACA assets.

All of Sun Hong's claims against the individual defendants, including Mr. Anderson, relate to violations of PACA.

As explained by the Ninth Circuit, "PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    had some role in causing the corporate trustee to commit the breach of
2    trust." *Sunkist Growers v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) (quoting
3    *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994)).

4         Additionally, individuals "are not secondarily liable merely because they
5    served as corporate officers or shareholders." *Shepard*, 869 F. Supp. at
6    706. "Individual liability under PACA extends only to those 'who are in a position
7    to control PACA trust assets, and who breach their fiduciary duty to preserve those
8    assets.'" *Price Cold Storage v. Wash. Organic Dried Fruit & Juice LLC*, 182 F.
9    App'x 671, 672 (9th Cir. 2006) (quoting *Sunkist*, 104 F.3d at 283). In other words,
10   "PACA imposes liability on 'a *controlling* person of th[e] corporation, who uses the
11   trust assets for any purpose other than repayment of the supplier." *Bear Mountain*
12   *Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 172 (3d Cir. 2010) (emphasis in
13   original); *accord Chong's Produce, Inc. v. Pushpak Rests., Inc.*, No. 15-cv-04923-
14   HRL, 2017 U.S. Dist. LEXIS 36498, at *6 (N.D. Cal. Feb. 27, 2017) ("In order to
15   hold an individual personally liable on a breach of fiduciary duty theory under
16   PACA, the individual must have had an actual ability to control PACA trust
17   assets.").

18        The task for courts is to "1) determine whether an individual holds a position
19   that suggests a possible fiduciary duty to preserve the PACA trust assets (e.g.,
20   officer, director, and/or controlling shareholder); and 2) assess whether that
21   individual's involvement with the corporation establishes that she was actually able
22   to control the PACA trust assets at issue. The ability to control is core. A formal
23   title alone is insufficient." *Bear Mt. Orchards*, 623 F.3d at 172; *see also Onions*
24   *Etc. v. Z & S Fresh Inc.*, No. 1:09–cv–00906, 2011 WL 3348039, at *12 (E.D. Cal.
25   Aug. 2, 2011) ("[A]n individual's title, even officer, does not alone establish
26   secondary liability."). Rather, "[a] court considering the liability of [an] individual
27   may look at 'the closely-held nature of the corporation, the individual's active
28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  management role' and any evidence of the individual's acting for the

2  corporation." *Sunkist Growers*, 104 F.3d at 283.

3        Sun Hong alleges no factual basis to maintain its claims against Mr.

4  Anderson personally under any provision of PACA.  There is no allegation that he

5  has any control over Outstanding Foods' finances, assets, or operations.  He holds

6  no officer or director position despite Sun Hong's conclusory allegation, which is

7  refuted by the very exhibits it attached to the Complaint that establish that only Mr.

8  Glaser is an officer of Outstanding Foods.  There is no allegation that Mr. Anderson

9  directed a penny in trust assets away from Outstanding Foods.[4]

10        The only factual allegations as to Mr. Anderson are that he is the "executive

11  chef"—not an officer title—and a "co-founder"—without any explanation about his

12  current role in the years-old company.  (*See* Compl. ¶6(d) ("Anderson has held

13  himself out to be the company's Executive Chef & Co-Founder with Glaser.").  He

14  did not sign the alleged contract between the parties and is not found on any of the

15  alleged invoices attached by Plaintiff.  The fact that Mr. Anderson allegedly played

16  a role in the founding of the company and may serve in the undefined role of

17  "Executive Chef" in no way supports the conclusion that he was able to control

18  PACA assets.

19        Under Sun Hong's theory, any employee or shareholder of a company could

20  be *personally* liable for a corporate debt incurred without his or her control.  This is

21  not the law.  *See Price Cold Storage*, 182 F. App'x at 672 ("Individual liability

22  under PACA extends only to those 'who are in a position to control PACA trust

23  assets, and who breach their fiduciary duty to preserve those assets.'").  Sun Hong's

24

25  _____

26  [4] For the avoidance of doubt, there is no allegation that Mr. Anderson was a "buyer"
    under PACA.  *See Fresh Packing Corp. v. Guicho*, No. 15-CV-01551-LHK, 2016

27  U.S. Dist. LEXIS 47324, at *19-20 (N.D. Cal. Apr. 6, 2016) ("If deemed a PACA

28  'dealer,'' an individual is liable for his own acts, omissions, or failures while acting
    for or employed by any other dealer.") (citing 7 U.S.C. § 499e(a)).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION TO DISMISS

1   attempts to rely merely on Mr. Anderson's undefined titles to hold him personally
2   liable under PACA have been rejected by the Ninth Circuit and should similarly be
3   rejected by this Court.
4       No allegation in the complaint alleges Mr. Anderson's control over
5   Outstanding Foods, officer or director-level position, or breach of duty to
6   creditors.  No such allegations are possible given his limited role at the
7   company.  The claims against him personally thus should be dismissed with
8   prejudice.
9   **B.    Sun Hong Alleges No Facts to Support Its Claims that Defendatns**
10  **Failed to Preserve PACA Trust Assets (Counts I, II, V, VI, VII,**
11  **VIII, and IX).**
12      Sun Hong does not allege specific facts that all Defendants failed to maintain
13  PACA trust assets or otherwise did not preserve the PACA trust – rather Sun Hong
14  only makes vague, non-actionable claims that Outstanding Foods engaged in
15  business activities during the time period it held a PACA trust.  Since Sun Hong
16  does not allege sufficient facts to establish dissipation of the trust assets, Sun Hong
17  also fails to allege sufficient facts to support personal liability against Mr. Glaser
18  and Mr. Anderson.
19  **1.    Sun Hong's Vague Business Activities Allegations Are**
20  **Insufficient to Plead Dissipation of Trust Assets.**
21      First, Sun Hong's vague allegations regarding unspecified business activities
22  fail to demonstrate a dissipation of PACA trust assets.
23      Under PACA, "merchants, dealers, and broker are required to maintain trust
24  assets in a manner that such assets are freely available to satisfy outstanding
25  obligations to suppliers of perishable agricultural commodities.  Any act or
26  omission which is inconsistent with this responsibility, including dissipation of trust
27  assets, is unlawful and in violation of [PACA]."  7 C.F.R. § 46.46(d)(1); 7 U.S.C. §
28  499b(4) ("It shall be unlawful…(4) For any commission merchant, dealer, or broker

1  … to fail to maintain the trust as required under section 499e(c).").  A dissipation is

2  "any act or failure to act which could result in the diversion of trust assets or which

3  could prejudice or impair the ability of unpaid suppliers, sellers, or agents to

4  recover money owed in connection with produce transactions." 7 C.F.R. §

5  46.46(a)(2).

6      However, this requirement does not "make the good faith offer, solicitation,

7  payment, or receipt of collateral fees and expenses, in and of itself, unlawful under

8  this chapter."  7 U.S.C. § 499b(4).  Engaging in commercially reasonable activities

9  in furtherance of a business is entirely consistent with PACA and not a breach of

10  the PACA trust.  *See S & H Packing & Sales Co. v. Tanimura Distrib., Inc.*, 883

11  F.3d 797, 803 (9th Cir. 2018) (For example, "[A] PACA trustee's true sale of

12  accounts receivable for a commercially reasonable discount from the accounts' face

13  value is not a dissipation of trust assets and, therefore, is not a breach of the PACA

14  trustee's duties." "The goal of PACA, after all, is not the perpetuation of

15  unliquidated commercial paper, but to assure that growers are paid for their

16  commodities."  *Boulder Fruit Exp. V. Heger Organic Farm Sales v. Transp.*

17  *Factoring, Inc.*, 251 F.3d 1268, 1271 (9th Cir. 2001) (overruled on other grounds

18  related to how a court values a transfer-of-risk of PACA trust assets to determine if

19  it is commercially reasonable, see *S & H Packing & Sales Co., v. Tanimura Dist.,*

20  *Inc.*, 883 F.3d 797 (9th Cir. 2018).

21      In fact, a party is almost certainly obligated to continue engaging in normal

22  business activities, including payments necessary for business operations, in order

23  to remain solvent and protect the PACA trust.  *See Am. Banana Co. v. Republic*

24  *Nat'l Bank of N.Y., N.A.*, 362 F.3d 33, 42 (2d Cir. 2004) (deciding the case on other

25  grounds, but noting in response to plaintiff's dissipation of PACA assets argument:

26  "Nor are we convinced that a trustee's payments of commercially reasonable fees

27  and interest in exchange for routine banking services such as check cashing services

28  and overdraft privileges extended to facilitate payments to beneficiaries necessarily

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

constitute a breach of the PACA trust.").  Although not binding precedent on this Court, the Eastern District of Tennessee clearly points out the fallacy to argue otherwise:

> It is unlikely that any produce broker exists that pays no business expenses other than its suppliers, and thus every broker is breaching its trust duty by dissipating trust assets every time it pays salary, rent, or utility bills. Another way to violate § 499b is failure to pay the suppliers' bills. Thus, a broker—and its shareholders, officers, and directors—is liable if it doesn't pay its bills, or even if it does pay the suppliers' bills if it has also "dissipated" trust assets by paying normal business expenses. Such a scheme essentially amounts to strict liability: If a corporation can't pay its suppliers, its personnel are liable. Had Congress wanted to make such a rule, it could have said so. It did not. In fact, § 499b(4) appears to contradict such a position directly: "[T]his paragraph shall not be considered to make the good faith offer, solicitation, payment, or receipt of collateral fees and expenses, in and of itself, unlawful under this chapter." The minimal salaries and other operational expenses are "collateral expenses," and payment thereof should not be construed as a breach of fiduciary duty under the PACA trust.

*Farm-Wey Produce, Inc. v.* Wayne *L. Bowman Co.*, 973 F. Supp. 778, 784 (E.D. Tenn. 1997).

 "A PACA trustee may use trust assets to pay ordinary business expenses as long as it does not do so at the expense of its PACA beneficiaries, or in any way impair the ability of the beneficiaries to collect money owed in connection with produce sales... To satisfy its obligations under PACA, a produce buyer must simply 'maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities.'" *C.H. Robinson Co. v. Alanco Corp.*, 239 F.3d 483, 488 (2d Cir. 2001) (citing 7 C.F.R. § 46.46(d)(1))

Here, Plaintiff does not, and cannot, allege that Outstanding Foods failed to maintain trust assets because Plaintiff wrongly alleges that Outstanding Foods' "good faith offer, solicitation, payment, or receipt of collateral fees and expenses" is

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION TO DISMISS

a breach of the PACA trust.  7 U.S.C. § 499b(4).  Plaintiff makes various conclusory allegations that Outstanding Foods is undercapitalized, lacks free funds, or is insolvent.  See Compl., ¶¶44–50, 62–63.  As to the Principals, Plaintiff alleges "Principals each failed to voluntarily cease business operations and to otherwise refrain from receiving and accepting Produce on credit while Company was either insolvent or during a time when Company's liabilities exceeded its assets or it was unable to pay its undisputed debts when they became due."  *Id.* at ¶52.  The only allegations regarding Company's dissipation of assets are that "[o]n information and belief," the "Company issued checks or otherwise made payments to various entities and individuals during the Sales Period while Plaintiff's Produce related invoices to Company remained unpaid.  *Id.* at ¶64 and ¶65 (similar).  Plaintiff's Count II alleges a claim for failure to maintain the PACA trust, and Plaintiff's Count I (Enforcement of the PACA Trust),[5] Count V (Breach of Fiduciary Duty), Count VI (Interference with Receipt of Trust Assets), Count VII (Breach of Express or Implied Duty under PACA), and Count VIII (Breach of Good Faith and Fair Dealing Under PACA) rely upon the same underlying failure.  *See supra*, fn. 2.

Plaintiff's allegations do not constitute a dissipation of trust assets.  Plaintiff only alleges Defendants engaged in some vague business operations that are in no apparent way a dissipation of PACA trust assets.  *See e.g.*, Compl., ¶ 52 ("Principals each failed to voluntarily cease business operations and to otherwise refrain from receiving or accepting Produce on credit…") and ¶ 66 ("Company's issuance of checks or other payments to entities and individuals other than its unpaid produce suppliers… is inconsistent with its obligation to maintain its PACA Trust

---

[5] Under Claim I, the only cause Plaintiff alleges for its damages is Defendants' failure to properly protect the PACA trust assets.  *See* Compl., ¶58 ("As a direct result of the Company and its Principals' failure to properly protect the PACA Trust Assets, the Plaintiff has suffered damages which are covered under the PACA trust in an amount not less than $453,854.45…").

MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Assets…").  The mere fact that Outstanding Foods, or employees of Outstanding
2  Foods like Mr. Glasser and Mr. Anderson, may have paid obligations necessary to
3  continue the business does not constitute a breach of the PACA trust.  In fact,
4  failing to make such payments could jeopardize their business and would cause
5  greater risk to the trust funds.  *See Farm-Wey Produce*, 973 F. Supp. at 784
6  (refusing to impose liability on trustee for paying his own salary and other business
7  expenses); *In re Bear Kodiak Produce, Inc.*, 283 B.R. 577, 587 (Bankr. D. Ariz.
8  2002) (denying plaintiff's claim that salary payments made to buyer's officers were
9  recoverable as PACA assets, because they were reasonable and made in the normal
10 course of business).

11      Practically, Plaintiff's position would result in automatic liability for any
12 purchaser of PACA-protected commodities (and its principals) if the purchaser
13 undertakes *any business activities* or *makes a single payment* for *any reason* after
14 purchasing the PACA assets – surely Congress did not intend to cripple the food
15 industry in such a way.  Plaintiff has alleged no specific facts supporting its
16 allegations that the Defendants undertook, or failed to undertake, any action that
17 would result in their failure to preserve the trust assets.

18      Likewise, Plaintiff has made no allegations that such funds, if owed, are not
19 being maintained by Outstanding Foods.  Plaintiff alleges "upon information and
20 belief, Defendants failed to preserve sufficient funds to fully satisfy all qualified
21 PACA claims, such as Plaintiff's claims for unpaid Produce transactions as asserted
22 in this action." *See* Compl. ¶44, and similar statements at ¶¶45 – 52.  Plaintiff
23 claims its "information and belief" is based upon things like "conversations with
24 Defendants," but such vague statements are conclusory and fail to allege with
25 particularity why Plaintiffs allege that Defendants have failed to maintain sufficient
26 funds (as distinct from their allegation that the funds were owed and unpaid).  *See*
27 *Johnston Farms v. Yusufov*, No. 1:17–cv–00016–LJO–SKO, 2017 WL 6571527, at
28 4* (E.D. Cal. Dec. 26, 2017) (holding that a plaintiff's initial conclusory allegations

MOTION TO DISMISS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that a defendant had insufficient assets to satisfy a liability could not sustain plaintiff's claim for dissipation and personal liability, and only finding that plaintiff alleged sufficient facts after plaintiff amended its complaint with public evidence of actual unpaid PACA liabilities that defendant had with other PACA suppliers). Outstanding Foods has not declared bankruptcy nor is there any fact alleged indicating that Outstanding Foods is in financial distress.  Plaintiff does not allege facts as to the basis for their information and belief that Defendant is insolvent and unable to pay any PACA trust should a Court determine one exists in the amount alleged by Plaintiff.[6]

Plaintiff is unjustifiably trying to stretch its claim for failure to pay PACA assets to one for failure to preserve and maintain PACA assets (presumably so it can attempt to use the latter to pursue claims for personal liability against Mr. Anderson and Mr. Glaser).  But Plaintiff does not and cannot allege any such facts supporting its claims, so its Count II should be dismissed with prejudice in its entirety and Counts V–VIII similarly dismissed with prejudice to the extent they rely upon the underlying failure to maintain trust assets claim.

### 2.   With No Allegations of Trust Dissipation, Sun Hong Fails to Plead Claims Against Mr. Anderson or Mr. Glaser.

Because Sun Hong does not viably plead dissipation of trust assets, its claims for individual liability against Messrs. Anderson and Glaser (which fully rely on such allegations), also fail.

As noted above, only "when the seller's assets are insufficient to satisfy the [PACA] liability," may "others may be found secondarily liable if they had some

---

[6] Notably, Defendant disputes a PACA trust exists in the amount alleged by Plaintiff, as noted in the problems with the validity of the invoices cited by Plaintiff in its Complaint and in its failure to mitigate defense, as detailed in Defendant's Opposition to Plaintiff's Application for Right to Attach Order and Order for issuance of Writ of Attachment, Dkt. 7).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

role in causing the corporate trustee to commit the breach of trust." *Sunkist Growers v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) (quoting *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994)); *see also Johnston Farms*, 2017 WL 6571527, at *4 ("[T]o establish personal liability, Plaintiff must make a showing that the assets of the licensed commission merchant, dealer, or broker are insufficient to satisfy the liability.") (*citing Sunkist*).  In other words, "to establish personal liability Plaintiff must make a showing that the licensed seller's assets are insufficient to satisfy the liability."  *Wahluke Produce, Inc. v. Guerra Marketing Int'l Inc.*, No. 1:11–cv–1981 LJO–BAM, 2012 WL 1601876, at *3 (E.D. Cal. May 7, 2012) (denying plaintiff's motion for default judgment against individual defendants; "Plaintiff's complaint falls short.  Plaintiff did not allege any facts showing that defendant… has insufficient assets to satisfy the liability. Plaintiff did not allege any facts as to the manner in which individual defendants improperly controlled PACA assets… The allegations in the complaint are not well-pleaded beyond conclusory statements of breach of fiduciary duties.").

Here, Plaintiff has failed to allege that Defendants dissipated the PACA assets – primarily because no such facts exist.  As is apparent in Defendant's Motion to Dismiss, Answer and Counterclaims, and Third-Party Complaint that the heart of this dispute is not that Defendants have disposed of PACA assets such that they are now unable to pay Sun Hong, but that the parties disagree as to how liability for certain losses is shared amongst Defendants, Sun Hong, and Third-Party Defendant Warnock.  Even within the confines of the Complaint, though, Sun Hong has failed to allege that trust assets were improperly dissipated and thus unavailable. Since individuals may only be personally liable if the corporation lacks the assets needed to pay the PACA liability (a fact Sun Hong failed to adequately allege), Sun Hong has failed to allege sufficient facts to support personal liability against Mr. Glaser or Mr. Anderson.  *See, e.g., Abbate Family Farms Ltd. P'ship v. G.D. Fresh Distrib., Inc.*, No. 1:12–cv–0303 LJO–BAM, 2012 WL 2160959, at *3-4 (E.D. Cal.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

June 13, 2012) (denying plaintiff's motion for default judgment against an individual for PACA liability because its complaint "falls short" and did not allege any facts as the actual mismanagement of PACA trust assets or the individual defendant's role in the mismanagement beyond his title).  Thus, the Court should dismiss all claims against the individual defendants (Counts I, II, V, VI, VII, VIII, and IX).

### C.   Sun Hong Lacks Standing to Seek an Order to Turn Over PACA Assets for the Benefit of *Other* Trust Beneficiaries.  (Count I)

In one particularly overreaching claim, Sun Hong asks this court to turn over PACA assets for *other* supposed trust beneficiaries.

Article III of the United States Constitution limits the role of the federal judiciary to resolving cases and controversies; standing is a core component of this requirement.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992).  In order to have standing, a plaintiff must have an "injury in fact."  *Id.* Generally, a plaintiff who is neither a party nor a beneficiary to a contract lacks standing to enforce or challenge the enforceability of its terms. *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 n.2 (9th Cir. 1987).  California law, which governs here, has adopted certain limited exceptions to this rule, enumerated in Cal. Civ. Code § 1559, "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."  An analysis of a third-party beneficiary claim requires a deep dive into various facts surrounding the creation of the agreement, the intent of the parties, and the role of the third-party into the agreement.  *See, e.g., Goonewardene v. ADP, LLC*, 434 P.3d 124 (Cal. 2019) (detailing California's jurisprudence on third-party beneficiaries to contracts).

Here, Sun Hong lacks standing for the injunctive relief sought under Count I, in particular, for an Order of an accounting for other alleged unpaid trust beneficiaries.  Not only has Plaintiff not alleged facts upon which it may have

MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

standing to seek relief on behalf of third parties, it has not even alleged the elements that might make it so.  Plaintiff's only allegation is that such liabilities may exist: "On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries."  Compl. ¶59.  This request for relief is devoid of any basis upon which Sun Hong believes that such other agreements exist, that these other agreements would be subject to PACA, or that Sun Hong has standing to seek relief on the basis of the same.  This Court should dismiss Count I's claim for injunctive relief and strike Paragraph 59 from the Complaint.

## IV.    CONCLUSION

For the reasons stated above, this Court should:

- Dismiss Counts I, II V, VI, VII, VIII, and IX as against Mr. Anderson;
- Dismiss Count II in its entirety, Counts I, V, VI, VII, VIII, and IX in their entirety as against the individual defendants, and Counts I, V, VI, VII, VIII, and IX ; and
- Dismiss Count I to the extent it seeks injunctive relief.

//
//
//
//
//
//
//
//

*[Signature on the following page]*

MOTION TO DISMISS

15

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: February 7, 2020

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
JAMES H. MOON
ARLEEN FERNANDEZ
ASHLEY VULIN (*PRO HAC VICE FORTHCOMING*)

By: /s/ Jacob M. Harper
Jacob M. Harper

Attorneys for Defendants
OUTSTANDING FOODS, INC.,
WILLIAM GLASER, AND DAVID
ANDERSON

MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899