JACOB M. HARPER (State Bar No. 259463)
  JHarper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  JamesMoon@dwt.com
ARLEEN C. FERNANDEZ (State Bar No. 318205)
  ArleenFernandez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

ASHLEY VULIN (*pro hac vice forthcoming*)
  AshleyVulin@dwt.com
DAVIS WRIGHT TREMAINE LLP
Suite 2400, 1300 SW Fifth Avenue
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Fax: (503) 778-5299

Attorneys for Defendants
OUTSTANDING FOODS, INC.,
WILLIAM GLASER, AND
DAVID ANDERSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUN HONG FOODS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>OUTSTANDING FOODS, INC., WILLIAM "BILL" GLASER, and DAVID "DAVE" ANDERSON, each individually, and DOES 1 through 10,<br><br>Defendants. | Case No. **2:19-cv-10121-PSG (MAAx)**<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>Assigned to the Hon. Philip S. Gutierrez<br><br>Action Filed:  November 26, 2019 |

OUTSTANDING FOODS, INC.,

                    Counter-Plaintiff,

    vs.

SUN HONG FOODS, INC.,

                    Counter-Defendant.

Defendants Outstanding Foods, Inc., William Glaser, and David Anderson ("Defendants"), in response to the Complaint for Damages ("Complaint") filed by plaintiff Sun Hong Foods, Inc. ("Plaintiff"), admits, denies, and alleges as follows:

**<u>THE PARTIES</u>**

1.      Defendants lack information sufficient to form a belief as to the truth of Paragraph 1, and therefore deny it.

2.      Defendants lack information sufficient to form a belief as to the truth of Paragraph 2, and therefore deny it.

3.      This allegations calls for a legal conclusion and is not a proper factual allegation.  Additionally, Defendants lack information sufficient to form a belief as to the truth of Paragraph 3, and therefore deny it.

4.      This allegations calls for a legal conclusion and is not a proper factual allegation.  Additionally, Defendants lack information sufficient to form a belief as to the truth of Paragraph 4, and therefore deny it.

5.      Defendants lack information sufficient to form a belief as to the truth of Paragraph 5, and therefore deny it.

6.      Defendants admit that Outstanding Foods, Inc. is a Nevada corporation with its principal place of business located at 615 Hampton Drive, C101, Venice, California 90291.  Defendants admits that William Glaser and David Anderson are residents of California.  Defendants lack information sufficient to form a belief as to the truth of Part (d), and therefore deny it.  Except as expressly admitted, Defendants deny all other allegations in Paragraph 6.

7.      Defendants deny Paragraph 7, to the extent a response is necessary.

8.      Defendants deny Paragraph 8, to the extent a response is necessary.

9.      Defendants lack information sufficient to form a belief as to the truth of Paragraph 9, and therefore deny it.

10.      Defendants deny Paragraph 10.

11.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Paragraph 11 purports to represent the contents of a link to a United States Department of Agriculture web page.  Defendants maintain the document speaks for itself.  Defendants lack information sufficient to form a belief as to the truth of Paragraph 4, and therefore deny it.

12.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 12.

13.     Defendants deny Paragraph 13.

14.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 14.

## JURISDICTION AND VENUE

15.     Defendants admit Paragraph 15.

16.     Defendants admit Paragraph 16.

17.     Defendants admit Paragraph 17.

18.     Defendants admit Paragraph 18.

19.     Defendants admit Paragraph 19.

## NATURE OF THE CASE

20.     Defendants admit that Plaintiff purports to bring a civil action for monetary and injunctive relief as described, but otherwise deny Paragraph 20.

21.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 21.

22.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 22.

## FACTUAL ALLEGATIONS

23.     Defendants admit that on or about February 14, 2019, Plaintiff and Outstanding Foods, Inc. entered into an agreement regarding the purchase of King Oyster Mushrooms.  Except as expressly admitted, Defendants deny Paragraph 23.

24.     Defendants deny Paragraph 24.

ANSWER TO COMPLAINT AND COUNTERCLAIMS

25.    Defendants admit that on September 19, 2019, Outstanding Foods notified Plaintiff that it was suspending all orders under the parties' agreement. Defendants lack information sufficient to form a belief as to the truth of the second sentence, and therefore deny it.  Additionally, Plaintiff did not actually attached the document referenced as Exhibit F, so Defendants lack information sufficient to form a belief as to the truth of the third sentence, and therefore denies it.  Except as expressly admitted, Defendants deny Paragraph 25.

26.    Defendants deny Paragraph 26.

27.    Defendants deny Paragraph 27.

28.    Defendants deny Paragraph 28.

29.    Defendants lack information sufficient to form a belief as to the truth of Paragraph 29, and therefore deny it.

30.    Defendants deny Paragraph 30.

31.    Defendants deny Paragraph 31.

32.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 32.

33.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 33.

34.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 34.

35.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 35.

36.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 36.

37.    Defendants deny Paragraph 37.

38.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 38.

39.    Defendants deny Paragraph 39.

40.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 40.

41.     Defendants deny Paragraph 41.

42.     Defendants deny Paragraph 42.

43.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 43.

44.     Defendants deny Paragraph 44.

45.     Defendants deny Paragraph 45.

46.     Defendants deny Paragraph 46.

47.     Defendants deny Paragraph 47.

48.     Defendants deny Paragraph 48.

49.     Defendants deny Paragraph 49.

50.     Defendants deny Paragraph 50.

51.     Defendants deny Paragraph 51.

52.     Defendants deny Paragraph 52.

## COUNT I

### Enforcement of the PACA Trust
### Company & Principals

53.     In response to Paragraph 53, Defendants incorporate by reference their responses to Paragraph 1 through 52.

54.     Defendants deny Paragraph 54.

55.     Defendants deny Paragraph 55.

56.     Defendants deny Paragraph 56.

57.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 57.

58.     This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 58.

59.     Paragraph 59 is a statement of the relief claimed by Plaintiff in this case, to which an answer is not required; Defendants deny Plaintiff is entitled to the relief it claims.

## COUNT II

**PACA Violation:  Failure to Maintain Trust**
**Company & Principals**

60.     In response to Paragraph 60, Defendants incorporate by reference their responses to Paragraphs 1 through 59.

61.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 61.

62.     Defendants deny Paragraph 62.

63.     Defendants deny Paragraph 63.

64.     Defendants deny Paragraph 64.

65.     Defendants deny Paragraph 65.

66.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 66.

67.     Defendants deny Paragraph 67.

68.     Defendants deny Paragraph 68.

69.     This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 69.

70.     This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 70.

## COUNT III

**PACA Violation (Unfair Trade Practice):**
**Failure to Promptly Pay 7 U.S.C. § 499b(4)**
**Company**

71.     In response to Paragraph 71, Defendants incorporate by reference their responses to Paragraphs 1 through 70.

ANSWER TO COMPLAINT AND COUNTERCLAIMS

72.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 72.

73.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 73.

74.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 74.

75.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 75.

76.    Defendants deny Paragraph 76.

77.    Defendants deny Paragraph 77.

78.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 78.

79.    This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 79.

### COUNT IV

**Breach of Contract**
**Company**

80.    In response to Paragraph 80, Defendants incorporate by reference their responses to Paragraphs 1 through 79.

81.    This allegations calls for a legal conclusion and is not a proper factual allegation.  If a response is required, Defendants admit Paragraph 81.

82.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 82.

83.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 83.

84.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 84.

85.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 85.

86.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 86.

87.    Defendants deny Paragraph 87.

88.    Defendants deny Paragraph 88.

89.    This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 89.

## COUNT V

### Breach of Fiduciary Duty
### Principals

90.    In response to Paragraph 90, Defendants incorporate by reference their responses to Paragraphs 1 through 89.

91.    Defendants admit Mr. Glaser is an officer, director, and shareholder of Outstanding Foods, Inc.  Defendants admit Mr. Anderson is a shareholder of Outstanding Foods, Inc.  Except as expressly admitted, Defendants deny Paragraph 91.

92.    Defendants deny Paragraph 92.

93.    Defendants deny Paragraph 93.

94.    Defendants deny Paragraph 94.

95.    Defendants deny Paragraph 95.

96.    Defendants deny Paragraph 96.

97.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 97.

98.    This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 98.

99.    Defendants deny Paragraph 99.

100.   Defendants deny Paragraph 100.

101.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 101.

102.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 102.

103.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 103.

104.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 104.

105.   Defendants deny Paragraph 105.

106.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 106.

107.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 107.

108.   This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 108.

## COUNT VI

### Interference with Receipt of Trust Assets
### Principals

109.   In response to Paragraph 109, Defendants incorporate by reference their responses to Paragraphs 1 through 108.

110.   Defendants admit Mr. Glaser is an officer, director, and shareholder of Outstanding Foods, Inc.  Defendants admit Mr. Anderson is a shareholder of Outstanding Foods, Inc.  Except as expressly admitted, Defendants deny Paragraph 91.

111.   Defendants deny Paragraph 111.

112.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 112.

113.   Defendants deny Paragraph 113.

114.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 114.

115.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 115.

116.   Defendants deny Paragraph 116.

117.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 117.

118.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 118.

119.   Defendants deny Paragraph 119.

120.   This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 120.

## **COUNT VII**

**PACA Violation (Unfair Trade Practice):**
**Breach of Express or Implied Duty 7 U.S.C. § 499b(4)**
**Company & Principals**

121.   In response to Paragraph 121, Defendants incorporate by reference their responses to Paragraphs 1 through 120.

122.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 122.

123.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 123.

124.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 124.

125.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 125.

126.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 126.

127.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 127.

128.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 128.

129.   This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 129.

## COUNT VIII

### Breach of Good Faith and Fair Dealing under PACA
### Company & Principals

130.   In response to Paragraph 130, Defendants incorporate by reference their responses to Paragraphs 1 through 129.

131.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 131.

132.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 132.

133.   This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 133.

## COUNT IX

### Violation of California Business and Professions Code Section 17200
### Company & Principals

134.   In response to Paragraph 134, Defendants incorporate by reference their responses to Paragraphs 1 through 134.

ANSWER TO COMPLAINT AND COUNTERCLAIMS

135.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 135.

136.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 136.

137.   This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 137.

## COUNT X

**Common Counts**
**Account Stated**
**Company**

138.   In response to Paragraph 138, Defendants incorporate by reference their responses to Paragraphs 1 through 137.

139.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 139.

140.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 140.

141.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 141.

142.   This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 142.

## COUNT XI

**Common Count:  Open Book Account**
**Company**

143.   In response to Paragraph 143, Defendants incorporate by reference their responses to Paragraphs 1 through 142.

144.   Defendants admit that on or about February 14, 2019, Plaintiff and Outstanding Foods, Inc. entered into an agreement regarding the purchase of King Oyster Mushrooms.  Except as expressly admitted, Defendants deny Paragraph 144.

145.   This allegations calls for a legal conclusion and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 145.

146.   This allegations calls for a legal conclusion and is a statement of the relief claimed by Plaintiff and is not a proper factual allegation.  Unless otherwise admitted, Defendants deny Paragraph 146.

147.   The remainder of the complaint is a statement of the relief claimed by Plaintiff in this case, to which an answer is not required; Defendants deny Plaintiff is entitled to the relief it claims.  Except as expressly admitted above, Defendants deny each allegation in the Complaint generally and specifically, and the whole of thereof.

## SEPARATE AND ADDITIONAL DEFENSES

By way of separate, additional and/or affirmative defenses to the Complaint and each cause of action herein, and without conceding that Defendants bear the burden of proof or the burden of persuasion as to any of these issues, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1.   The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.   Plaintiff's claims are barred by waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

3.   Plaintiff's claims are barred, in whole or in part, because Plaintiff excused Defendants' performance by acts and omissions.

## FOURTH AFFIRMATIVE DEFENSE

4.   Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate its alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's claims are barred by the failure of conditions precedents to occur, thereby excusing Defendants' performance.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims are barred because it breached an express warranty.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's claims are barred because it breached an implied warranty.

## NINTH AFFIRMATIVE DEFENSE

9.     Without conceding that any act of Defendants caused damage to Plaintiff, Defendants allege that they are entitled to offset and recoup against any judgment that may be entered against them the obligations of the Plaintiff owing to the Defendants.  Offset and recoupment are appropriate by reason of Plaintiff's breaches of contract and warranties.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were the result, in whole or in part, of Plaintiff's own contributory and willful misconduct, and any recovery by it should be reduced in proportion to its fault.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was reasonable, justified, and in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's claims are barred, in whole or in part, because any award of damages would unjustly enrich Plaintiff.

ANSWER TO COMPLAINT AND COUNTERCLAIMS

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff failed to join a necessary party or parties, including any other person or entity that may be liable for the matters alleged in the complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's claims are barred, in whole or in part, by Defendants' mistake of material fact.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's claims are barred, in whole or in part, because Defendants objected to the amounts due to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing for the requested relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendants presently have insufficient knowledge or information upon which to form a belief as to whether any additional affirmative defenses are available.  Accordingly, Defendants expressly reserve the right to amend its answer and to add affirmative or other defenses or to delete or withdraw such defenses during the court of this litigation after a reasonable opportunity for reasonable discovery.

## COUNTERCLAIMS

Defendant and Counter-Plaintiff Outstanding Foods, Inc. (Outstanding Foods) hereby alleges the following Counterclaims against Plaintiff and Counter-Defendant Sun Hong Foods, Inc. (Sun Hong) as follows:

## Nature of the Action

1.    Outstanding Foods brings these counterclaims to seek redress for the

millions of dollars in lost sales and junk product it was left holding because of Sun Hong grossly defective performance.

2.      In particular, Sun Hong frequently delivered rotten and defective products to Outstanding Foods (via its manufacturer Warnock Foods, Inc.), including but not limited to mushrooms that were spoiled, off color, missing stalks, foul smelling, and containing evidence of live insects or insect infestation.  Despite this, Sun Hong has now boldly filed a Complaint against Outstanding Foods for allegedly failing to pay for its soured product, in an attempt to dodge liability and further unlawfully profit from its wrongdoing.

3.      Outstanding Foods now seeks to hold Sun Hong accountable for its contractual breaches and negligent actions.

## The Parties

4.       Defendant and Counterclaimant Outstanding Foods, Inc. is a Nevada Corporation with its principal place of business at 615 Hampton Drive, C101, Venice, Los Angeles, California.

5.      Plaintiff and Counter-Defendant Sun Hong Foods, Inc. is a California corporation with offices located at 1105 W. Olympic Blvd., Montebello, California 90640.

## Jurisdiction and Venue

6.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1367(a) and FRCP 13(g) because the counterclaims asserted here are so "related to the plaintiff's claims [in the underlying action] that they form part of the same case or controversy under Article III of the US Constitution" and/or arise "out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim."

7.      Venue is proper in this jurisdiction because the underlying action was filed in this judicial district.

## Factual Background

8.     Outstanding Foods is an innovative food company that develops and markets great tasting, nutritious, and high-quality plant-based foods.

9.     One such product is Outstanding Foods' "Pig Out" snack chips, a meatless "bacon-like" chip made from mushrooms.

10.     Sun Hong is an alleged national leader in selling, marketing and distributing fresh king oyster mushrooms to developers, manufacturers, and retailers.  Indeed, throughout the course of Outstanding Foods' relationship with Sun Hong, Sun Hong consistently held itself out as a reliable source of fresh, quality mushrooms.

11.     Likewise, Warnock promotes itself as an innovative manufacturer of snack foods.  Warnock's marketing materials boldly pronounces that "customers look to [it] for project launches as [it] strives to push the limits in new snack concepts."  Warnock also frequently touts its "great source of knowledge and experience" and "ability to provide quality snacks with innovation and creative twists."

12.     Based on Sun Hong and Warnock's representations regarding its abilities and standings at industry leaders , Outstanding Foods contracted with both parties to help it produce and distribute its "Pig Out" snack chips.  Specifically, Outstanding Foods used Sun Hong as its vendor for the mushrooms and Warnock as its manufacturer and distributor.

## The Sun Hong Agreement

13.     In 2019, Outstanding Foods entered into an agreement with Sun Hong, whereby Sun Hong agreed to provide Outstanding Foods with fresh king oyster mushrooms sourced from China at $13.25 per 11-pound case.

14.     Under the terms of the agreement, Sun Hong warranted that: (1) it would not deliver expired, spoiled, adulterated, mislabeled, or misbranded mushrooms; (2) the mushrooms would be of good and merchantable quality, fit for

human consumption; and (3) the mushrooms would be free from defects and conform with Outstanding Foods' specifications.

15.   Sun Hong also warranted that the mushrooms would meet all Food and Drug Administration (FDA), United States Department of Agriculture (USDA), and applicable state regulations.

16.   Outstanding Foods' specifications required Sun Hong to deliver mushrooms that, among other things, had firm texture, were free from foreign and "off" odors or tastes, and had white stalks and brown caps.

17.   The specifications also provided that major defects included evidence of fungal or bacterial rots, live insects or insect infestation, and cut holes, splits, or missing stalks.

18.   Sun Hong understood and agreed to deliver mushrooms that conformed to these and other specifications, requirements, and regulations.

**The Warnock Agreement**

19.   In or about January 2019, Outstanding Foods and Warnock entered into an oral contract pursuant to which Warnock agreed to manufacture and package Outstanding Foods' snack chips.

20.   The parties agreed that Warnock would follow commercially reasonable practices to manufacture and package for sale Outstanding Foods' products in accordance with Outstanding Foods' protocols, specifications, policies, and procedures.  Included in these protocols, specifications, policies, and procedures was the requirement that Warnock change the filter on its fryers regularly to avoid the product developing unpalatable flavors.

21.   The contract also required, among other things, that Warnock store all ingredients and finished products consistent with instructions included on product labels.

22.   Warnock was also in charge of inspecting the mushrooms delivered by Sun Hong to its warehouse facility in Madera, California and informing

1  Outstanding Foods of whether each shipment conformed to Outstanding Foods'
2  specifications.

3      23.    Warnock understood and agreed to perform these and other
4  obligations, including that it must follow all applicable regulations, protocols,
5  specifications, policies, and procedures.

6                    **Sun Hong Delivers Defective Mushrooms**

7      24.    On information and belief, Sun Hong regularly supplied Outstanding
8  Foods with spoiled or otherwise defective mushrooms that failed to conform to the
9  agreed-upon specifications.  Indeed, Sun Hong frequently delivered defective
10 mushrooms, including but not limited to, mushrooms that were off color, missing
11 stalks, foul smelling, and containing evidence of live insects or insect infestation.

12     25.    For instance, on or around August 27, 2020, while Zhanna Godkin,
13 Outstanding Foods' Operations Manager, was on-site at Warnock's warehouse
14 facility, a Warnock employee informed her that Sun Hong had delivered
15 approximately twenty-eight cases of spoiled mushrooms.  Ms. Godkin personally
16 examined the mushrooms and confirmed they were spoiled.

17     26.    During this same site visit, Warnock further informed Ms. Godkin that
18 Sun Hong had previously delivered spoiled mushrooms on multiple occasions.

19     27.    On information and belief, Ms. Godkin notified Jae Ding, a Sun Hong
20 manager, within a few days via phone that the mushrooms were spoiled and/or did
21 not meet Outstanding Foods' specifications.

22     28.    Sun Hong failed to replace or repair the defective the mushrooms.

23            **Sun Hong's Defective Performance Results in an Unmerchantable**
24                                   **Product**

25     29.    Sun Hong's defective performance resulted in product that must be
26 disposed of and cannot be sold to consumers.

27     30.    As a result, Outstanding Foods has been suffered damages of at least
28 $1 million in lost product alone and at least $2 million in lost sales.

31.     Additionally, Sun Hong's defective performance has harmed Outstanding Foods' reputation with customers, retailers, and investors alike.

## COUNTERCLAIMS AGAINST SUN HONG

## FIRST COUNTERCLAIM

### (Breach of Contract)

32.     Outstanding Foods realleges and incorporates by reference the allegations of paragraphs 1 to 35, above.

33.     On or around February 14, 2019, Outstanding Foods entered into an agreement with Sun Hong, whereby Sun Hong agreed to supply fresh king oyster mushrooms to Outstanding Foods.

34.     Under the terms of the Agreement, Sun Hong warranted that: (1) it would not deliver expired, spoiled, adulterated, mislabeled, or misbranded mushrooms; (2) the mushrooms would be of good and merchantable quality, fit for human consumption; and (3) the mushrooms would be free from defects and conform with Outstanding Foods' specifications.  Included in these specifications were the requirements that Sun Hong deliver mushrooms that, among other things, had firm texture, were free from foreign and "off" odors or tastes, and had white stalks and brown caps.  Moreover, the specifications also required Sun Hong provide mushrooms that were free from evidence of fungal or bacterial rots, live insects or insect infestation, or cut hotels, splits, or missing stalks.

35.     Sun Hong failed to perform under the agreement and otherwise breached the contract by, among other things, frequently delivering defective mushrooms, including but not limited to, mushrooms that were spoiled, off color, missing stalks, foul smelling, and containing evidence of live insects or insect infestation.

36.     Outstanding Foods did all, or substantially all, of the significant things that the Agreement required it to do.

37.     Sun Hong's breaches rendered Outstanding Foods' snack chips

unmerchantable.  Outstanding Foods has been damaged in approximately $1 million in lost product alone and at least $2 million in lost sales.

## SECOND COUNTERCLAIM

### (Breach of Express Warranty)

38.     Outstanding Foods realleges and incorporates by reference the allegations of paragraphs 1 to 41, above.

39.     Outstanding Foods and Sun Hong entered into a Agreement under which Sun Hong warranted, among other things, that its mushroom product would meet certain quality standards and Outstanding Foods' numerous specifications.

40.     Sun Hong breached its express warranties as describe above in that the mushrooms it sold, distributed, and supplied to Outstanding Foods were: (1) spoiled, adulterated, mislabeled, or misbranded mushrooms; (2) not of good and merchantable quality, fit for human consumption; and (3) not free from defects and in conformity with Outstanding Foods' specifications.

41.     On information and belief, Outstanding Foods notified Jae Ding, a Sun Hong manager, within a couple of days that the mushrooms were not as Sun Hong represented.

42.     Sun Hong failed to replace or repair the mushrooms as required by the warranty.

43.     Sun Hong is entitled to both: (1) incidental damages, including expenses reasonably incurred in inspection, any commercially reasonable charges, expenses or commissions in connection with the replacement, and any other reasonable expense incident to the delay or other breach; and (2) consequential damages, including loss resulting from the requirements and needs of which Sun Hong knew, under Cal. Com. Code § 2715.

44.     Under Cal. Com. Code § 2717, Outstanding Foods is entitled to deduct from its damages the portion of the contract price due under the parties' contract

45.     Outstanding Foods has been damaged in approximately $1 million in

lost product alone and at least $2 million in lost sales as a result of Sun Hong's conduct.

## THIRD COUNTERCLAIM

### (Breach of Implied Warranty of Merchantability)

46.     Outstanding Foods realleges and incorporates by reference the allegations of paragraphs 1 to 49, as set forth above.

47.     Outstanding Foods and Sun Hong entered into a Agreement under which Sun Hong warranted, among other things, that its mushroom product would meet certain quality standards and numerous specifications.

48.     The Agreement contained an implied warranty of merchantability.

49.     Sung Hong's mushroom product did not satisfy standards of merchantability and thus, breached the implied warranty of merchantability.

50.     As a result of this breach, Outstanding Foods is entitled to damages according to proof, but of at least $1 million in lost product alone and at least $2 million in lost sales.

## FOURTH COUNTERCLAIM

### (Breach of Implied Warranty of Fitness for a Particular Purpose)

51.     Outstanding Foods realleges and incorporates by reference the allegations of paragraphs 1 to 54, as set forth above.

52.     Outstanding Foods and Sun Hong entered into an agreement under which Sun Hong warranted, among other things, that its mushroom product would meet certain quality standards and numerous specifications.

53.     The agreement contained an implied warranty of fitness for a particular purpose; specifically, that Sun Hong's mushroom product would be fit for use in food products for human consumption.

54.     Sun Hong knew or should have known that Outstanding Foods intended to use Sun Hong's product for such purpose.

55.     The mushroom product that Sun Hong supplied to Outstanding Foods

was spoiled, and otherwise defective, and not fit for human consumption.

56.     Sun Hong breached the implied warranty of fitness for a particular purpose.

57.     As a result of this breach, Outstanding Foods is entitled to damages according to proof, but of at least $1 million in lost product alone and at least $2 million in lost sales.

## FIFTH COUNTERCLAIM

### (Negligence)

58.     Outstanding Foods realleges and incorporates by reference the allegations of paragraphs 1 to 61, as set forth above.

59.     Sun Hong had a duty to provide mushrooms product that were not spoiled or otherwise defective.

60.     Sun Hong breached its duty and was negligent in the manufacture and handling of its product.

61.     Outstanding Foods has been damaged, which damage was directly and proximately caused by Sun Hong's negligence.

62.     Outstanding Foods is entitled to damages according to proof, but of at least $1 million in lost product alone and at least $2 million in lost sales.

## SIXTH COUNTERCLAIM

### (Breach of Good Faith and Fair Dealing)

63.     Outstanding Foods realleges and incorporates by reference the allegations of paragraphs 1 to 66, as set forth above.

64.     Outstanding Foods and Sun Hong had a valid agreement whereby Sun Hong agreed to provide Outstanding Foods with fresh king oyster mushrooms for its "Pig Out' snack chip product.

65.     Through the agreement, Sun Hong had a duty to perform according to the implied covenant of good faith and fair dealing.

66.     Sun Hong breached this covenant by falsely representing that it could

provide Outstanding Foods with mushrooms that met the agreed-upon specifications.

67.     As a direct and proximate result of Sung Hong's breach of the covenant of good faith and fair dealing, Outstanding Foods has suffered damages in an amount to be proven at trial, but of at least $1 million in lost product alone and at least $2 million in lost sales.

## SEVENTH COUNTERCLAIM

### (Declaratory Relief)

68.     Outstanding Foods realleges and incorporates by reference the allegations of paragraphs 1 to 72, as set forth above.

69.     Sun Hong materially breached its contractual obligations to Outstanding Foods by failing to perform obligations it agreed to perform as set forth herein.

70.     Each of these failures constitutes a separate and independent breach of the agreement.  These breaches deprived Outstanding Foods of its contractual rights and the consideration it was entitled to receive.

71.     As a result, Outstanding Foods is under no continuing obligation to Sun Hong, including any obligations related to payment of invoices and is entitled to a judicial declaration that it is under no continuing obligations to tender payment to Sun Hong.

## PRAYER FOR RELIEF

THEREFORE, Outstanding Foods prays for judgment on its counterclaims as follows:

1.     That Sun Hong takes nothing from its Complaint.

2.     That judgment be entered in favor of Outstanding Foods on Sun Hong's Complaint.

3.     That judgment be entered in favor of Outstanding Foods on its Counterclaims, as asserted herein.

4.      That Outstanding Foods be awarded its costs, disbursements, and reasonable attorney fees incurred in defending Sun Hong's Complaint and pursuing its Counterclaims against Sun Hong to the extent allowed by contract and applicable law.

5.      For actual damages, punitive damages, and any other monetary relief as may be provided under the counts alleged herein, in an amount to be determined at trial.

6.      For an award of compensatory damages in an amount to be proven at trial.

7.      For Restitution in an amount to be proven at trial.

8.      For a declaration that Outstanding Foods acted within its rights when it suspended payment to Sun Hong for products that were not sellable, resulting from the actions described above.

9.      For equitable indemnity in favor of Outstanding Foods in an amount to be determined at trial;

10.     For leave to amend the pleadings as justice may require to state other claims or to conform to proof as entered at trial.

11.     For such other and further relief as the Court deems just or equitable.


DATED: February 7, 2020                 DAVIS WRIGHT TREMAINE LLP
                                        JACOB M. HARPER
                                        JAMES H. MOON
                                        ARLEEN C. FERNANDEZ
                                        ASHLEY VULIN *(PRO HAC VICE*
                                        *FORTHCOMING)*


                                        By:_____/s/ Jacob M. Harper_____
                                                     Jacob M. Harper


                                        Attorneys for Defendants/
                                        Counterclaim-Plaintiff
                                        OUTSTANDING FOODS, INC.,
                                        WILLIAM GLASER, and DAVID
                                        ANDERSON