Kathryn S. Diemer, Esq.
Alexander J. Lewicki, Esq.
DIEMER & WEI, LLP
100 W. San Fernando Street. Suite 555
San Jose, California 95113
Tel: (408) 971-6270
E-mail: kdiemer@diemerwei.com

Jason R. Klinowski, Esq.
(*Pro Hac Vice Forthcoming*)
WALLACE JORDAN RATLIFF
& BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 847-0371
E-mail: jklinowski@wallacejordan.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUN HONG FOODS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OUTSTANDING FOODS, INC., WILLIAM "BILL" GLASER, and DAVID "DAVE" ANDERSON, each individually, and DOES 1 through 10.<br><br>Defendants. | Case No. 2:19-cv-10121-PSG-MAA<br><br>Hon. Phillip Gutierrez<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS IN SUPPORT OF REPLY TO DEFENDANT'S OPPOSITION – APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT** |

| No. | Evidence | Objection | Court's Ruling |
|---|---|---|---|
| 1 | **Glaser Decl., ¶ 6**<br><br>"For many of the Sun Hong invoices where the invoice | **Relevance:**<br><br>Mr. Glaser's statement does not possess sufficient probative value to justify | __Sustained<br>__Overruled |

1

PLAINTIFF'S EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | and ship date match, Outstanding Foods has not been able to confirm that the product was actually delivered at all or that such delivery occurred on the date in Sun Hong's invoices. | receiving it in evidence. *See* Fed. R. Evid. 401.<br><br>**Speculative:**<br><br>Mr. Glaser's inability to confirm his statement coupled with the use of the conjunction "or" to bridge two completely different statements prevents this evidence from being helpful in determining a fact in issue. See Fed R. Evid. 701. | \_\_Sustained<br>\_\_Overruled |
| 2. | **Glaser Decl., ¶ 9**<br><br>"On information and belief, Sun Hong failed to mitigate its damages by not attempting to resell the mushrooms, or is now seeking duplicative damages for monies it was able to recover from reselling the mushrooms." | **Lack of Personal Knowledge/Speculative:**<br><br>Mr. Glaser lacks the personal knowledge necessary to testify as to this matter. Fed. R. Evid. 602.<br><br>**Improper Testimony/Legal Conclusion by Lay Witness:**<br><br>Mr. Glaser's statements constitute improper testimony by a lay witness. Fed. R. Evid. 701. | \_\_Sustained<br>\_\_Overruled<br><br><br><br>\_\_Sustained<br>\_\_Overruled |
| 3. | **Glaser Decl., Exhibit 2.**<br><br>Purported Text Messages | **Lack of Personal Knowledge/Improper Authentication:**<br><br>Mr. Glaser is not the sender or the recipient of the alleged text messages and lacks the personal knowledge to authenticate the document into evidence. Fed. R. Evid. 901, 602. | \_\_Sustained<br>\_\_Overruled |

| | | |
|---|---|---|
| 1 | Dated: February 10, 2020 | DIEMER & WEI, LLP |
| 2 | | |
| 3 | | /s/ Alexander J. Lewicki |
| | | Alexander J. Lewicki |
| 4 | | *Attorneys for Plaintiff* |