## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):    The Court GRANTS IN PART and DENIES IN PART the motion to dismiss**

Before the Court is Defendants William Glaser ("Glaser"), David Anderson ("Anderson"), and Outstanding Foods, Inc.'s ("Outstanding") (collectively, "Defendants") motion to dismiss. *See* Dkt. # 24 ("*Mot.*"). Plaintiff Sun Hong Foods, Inc. ("Plaintiff") opposes, *see* Dkt. # 37 ("*Opp.*"), and Defendants replied, *see* Dkt. # 42 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

I.    Background

    A.    Factual Background

This dispute centers on an agreement between Plaintiff and Defendant to buy and sell produce. Plaintiff buys and sells wholesale or jobbing quantities of fresh fruit and vegetable commodities that the United States Department of Agriculture ("USDA") recognizes as commodities under the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a-499t (2016) ("PACA"). *See Complaint*, Dkt. # 1 ("*Compl.*"), ¶¶ 2  3. Plaintiff operated its business under a valid PACA License, issued by the USDA. *See id.* ¶ 5. Defendant Outstanding is in the business of buying and selling wholesale or jobbing quantities of perishable agricultural commodities. *See id.* ¶ 6(a). Glaser is or was an officer, director, or shareholder of Outstanding; he is listed as an officer of Outstanding on the company's 2019 annual report filed with the Nevada Secretary of State and the Statement of Information filed with the California Secretary of State on December 31, 2018. *See id.* ¶ 6(b); *see also* Dkt. # 1-2 ("*Statement of Information*"). Anderson is or was officer, director, or member of Outstanding. *See id.* ¶ 6(c). Anderson has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

held himself out to be the company's Executive Chef & Co-Founder on his LinkedIn profile. *See* Dkt. # 1-3 ("*Anderson LinkedIn Profile*").

On February 14, 2019, Outstanding and Plaintiff entered into an agreement ("Agreement") for Plaintiff to supply King Oyster Mushrooms to Defendant. *See id.* ¶ 23, Dkt. # 1-5 ("*Distribution Agreement*"). Outstanding agreed to purchase at least 3,200 cases ($42,400) of mushrooms. *See id.* Under the Agreement, Outstanding could reduce the amount purchased by giving at least fifty days prior written notice to allow time for Plaintiff to stop shipments from its overseas grower. *See id.* ¶ 24.

Via letter dated September 19, 2019, Outstanding notified Plaintiff of its decision to terminate the Agreement. *See id.* ¶ 25. Plaintiff received the contract termination notice on September 20, 2019, which resulted in the effective termination of the agreement on October 20, 2019. *See id.*

Between August 6, 2019 and October 10, 2019, Plaintiff delivered 20,960 11-pound boxes of mushrooms to Outstanding, valued at $453,854.45. *See id.* ¶ 26; Dkt. # 1-4 ("*Invoices*").[1] The mushrooms originated in China and were delivered to Outstanding's contract processor's plant in California and placed into cold storage. *See id.* ¶ 29.

Plaintiff alleges that Outstanding was obligated to promptly pay Plaintiff for the produce it delivered. *See id.* ¶ 33; *Invoices*. However, Outstanding did not pay the amounts owed. *See id.* ¶ 42. Plaintiff also alleges that Outstanding failed to preserve sufficient funds to fully satisfy all qualified PACA claims; and Plaintiff alleges Outstanding was insolvent. *See id.* ¶¶ 44 50. Plaintiff alleges that Outstanding's "Principals," Anderson and Glaser, failed to voluntarily cease business operations and refrain from receiving and accepting produce on credit while the company was insolvent. *See id.* ¶ 52.

B.     Procedural Background

---

[1] Each invoice stated: "The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over there commodities, all inventories of food or other products derived from these commodities, and any receivable or proceeds from the sales of these commodities until full payment is received." *See Compl.* ¶ 35; *Invoices*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

Plaintiff initiated this action on November 26, 2019. *See generally id*. Plaintiff brings the following causes of action:

First Claim: Enforcement of the PACA trust against all Defendants. *See id.* ¶¶ 53 59.

Second Claim: Failure to maintain trust in violation of PACA against all Defendants. *See id.* ¶¶ 60 70.

Third Claim: Unfair trade practice, failure to promptly pay in violation of PACA, against Outstanding. *See id.* ¶¶ 71 79.

Fourth Claim: Breach of contract against Outstanding. *See id.* ¶¶ 80 89.

Fifth Claim: Breach of fiduciary duty against Anderson and Glaser. *See id.* ¶¶ 90 108.

Sixth Claim: Interference with receipt of trust assets against Anderson and Glaser. *See id.* ¶¶ 109 20.

Seventh Claim: Unfair trade practice, breach of express or implied duty in violation of PACA against all Defendants. *See id.* ¶¶ 121 29.

Eighth Claim: Breach of good faith and fair dealing under PACA against all Defendants. *See id.* ¶¶ 130 33.

Ninth Claim: Violation of California Business & Professions Code Section 17200 against all Defendants. *See id.* ¶¶ 134 37.

Tenth Claim: Common counts: account stated, against Outstanding. *See id.* ¶¶ 138 42.

Eleventh Claim: Common count: open book account, against Outstanding. *See id.* ¶¶ 143 46.

Defendants now move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally Mot*.

II.    Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff.  *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.   Discussion

Defendants argue that: (1) Plaintiff fails to allege facts to support its claims that Defendants failed to preserve PACA trust assets, claims two, five, six, seven, eight, and nine; (2) the claims against Anderson fail; and (3) Plaintiff lacks standing to seek an order to turn over PACA assets for the benefit of other trust beneficiaries. *See generally Mot.*  The Court addresses each argument in turn.

A.   Dissipation of PACA Trust Assets

"PACA requires all brokers and dealers in perishable agricultural commodities to obtain licenses from the Secretary of Agriculture," and dealers "violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997).  In 1984 PACA was amended to add another remedy: "the perishable commodities or proceeds from the sale of those commodities are held in trust by the dealer for the benefit of the unpaid seller until full payment is made." *Id.* (citing 7 U.S.C. § 499e(c)(2)).  "Once the unpaid seller [of perishable agricultural products] has given written notice to the Secretary of its intent to preserve the trust benefits, a trust action may be brought in federal court." *Id.* (internal citation omitted).  Under PACA, "a produce dealer holds produce-related assets as a fiduciary" in the statutory trust "until full payment is made to the produce seller." *In re San Joaquin Food Serv., Inc.*, 958 F.2d 938, 939 (9th Cir. 1992); 7 U.S.C. § 499e(c)(2).  A plaintiff must demonstrate five elements to maintain a PACA cause of action: "(1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices." *Tom Ver LLC v. Organic All., Inc.*, No. 13-CV-03506-LHK, 2015 WL 6957483, at *8 (N.D. Cal. Nov. 11, 2015); 7 U.S.C. § 499e.

Defendants do not dispute that Plaintiff has sufficiently alleged these elements. *See generally Mot.*; *Opp.* 6 10. Instead, Defendants argue that Plaintiff's second claim and fifth through eighth claims should be dismissed because Plaintiff has not sufficiently alleged that Defendants have failed to maintain and preserve PACA trust assets. *See Mot.* 11 12.

The trust provision of PACA requires a produce buyer to hold the produce and its proceeds and derivatives in trust for the benefit of the seller "until full payment of the sums owing in connection with such transactions has been received" by the unpaid seller. 7 U.S.C. § 499e(c)(2). Under PACA, merchants, dealers, and brokers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to suppliers of perishable agricultural commodities. Any act or omission which is inconsistent with this responsibility, *including dissipation of trust assets*, is unlawful and in violation of [PACA]." 7 C.F.R. § 46.46(d)(1) (emphasis added); 7 U.S.C. § 499b(4) ("It shall be unlawful . . . (4) For any commission merchant, dealer, or broker . . . to fail to maintain the trust as required under section 499e(c)."). A "dissipation" is defined as "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions." 7 C.F.R. § 46.46(a)(2).

However, this requirement does not "make the good faith offer, solicitation, payment, or receipt of collateral fees and expenses, in and of itself, unlawful under this chapter." 7 U.S.C. § 499b(4). Courts have held that "[a] PACA trustee may use trust assets to pay ordinary business expenses as long as it does not do so at the expense of its PACA beneficiaries, or in any way impair the ability of the beneficiaries to collect money owed in connection with produce sales." *C.H. Robinson Co. v. Alanco Corp.*, 239 F.3d 483, 488 (2d Cir. 2001); *see also S & H Packing & Sales Co. v. Tanimura Distrib., Inc.*, 883 F.3d 797, 803 (9th Cir. 2018) ("[A] PACA trustee's true sale of accounts receivable for a commercially reasonable discount from the accounts' face value is not a dissipation of trust assets and, therefore, is not a breach of the PACA trustee's duties."); *Am. Banana Co. v. Republic Nat'l Bank of N.Y., N.A.*, 362 F.3d 33, 42 (2d Cir. 2004) (noting in response to plaintiff's dissipation of PACA assets argument: "[n]or are we convinced that a trustee's payments of commercially reasonable fees and interest in exchange for routine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

banking services such as check cashing services and overdraft privileges extended to facilitate payments to beneficiaries necessarily constitute a breach of the PACA trust").

Here, Plaintiff alleges that Outstanding "issued checks or otherwise made payments to various entities and individuals other than its unpaid Produce suppliers, including Plaintiff" during the time it was accepting Plaintiff's deliveries. *See Compl.* ¶ 65. The complaint alleges that this issuance of checks or other payments to other entities was inconsistent with its obligation to maintain its PACA trust assets freely available to satisfy its obligations to produce suppliers, including Plaintiff. *See id.* ¶ 66. The complaint also alleges that Defendants "failed to preserve sufficient funds to fully satisfy all PACA claims," and that Outstanding "lacked adequate capitalization" and was "insolvent." *See id.* ¶¶ 44, 47, 49.

The Court concludes that these pleadings are sufficient, as the complaint alleges that Defendants were obligated to preserve trust assets for the benefit of Plaintiff as a produce supplier, that Defendants issued checks and made other payments to entities other than Plaintiff during a time when its debt to Plaintiff went unpaid, and that Outstanding failed to preserve sufficient trust amounts, inconsistent with its statutory obligations. *See id.* ¶¶ 65 66. Reading these allegations in the light most favorable to Plaintiff, Plaintiff has sufficiently alleged that by making various payments Defendants diverted trust assets prejudicing their ability to pay Plaintiff. *See* 7 C.F.R. § 46.46(a)(2) (defining "dissipation" as "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions"); *see also Sunkist Growers, Inc.*, 104 F.3d at 283; *Golman Hayden Co. v. Fresh Source Produce Inc.*, 217 F.3d 348, 350 (5th Cir. 2000); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act."); *Red's Mkt. v. Cape Canaveral Cruise Line, Inc.*, 181 F. Supp. 2d 1339, 1344 (M.D. Fla. 2002), *aff'd sub nom. Red's Mkt. v. Caps Canaveral*, 48 F. App'x 328 (11th Cir. 2002). While discovery may reveal that Defendants' actions were commercially reasonable, at this stage, reviewing Plaintiff's allegations in the light most favorable to it, Plaintiff's pleadings are sufficient. Accordingly, the Court **DENIES** Defendants' motion to dismiss the second claim and fifth through eighth claims for failure to plead dissipation of trust assets.

B.    Claims Against Anderson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

Defendants argue that the claims against Anderson fail because he did not control PACA assets. *See Mot.* 4 7.

"[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." *Sunkist Growers, Inc.*, 104 F.3d at 283; *see also Price Cold Storage v. Washington Organic Dried Fruit & Juice LLC*, 182 F. App'x 671, 672 (9th Cir. 2006). "PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust." *Sunkist Growers, Inc.*, 104 F.3d at 283 (quoting *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994)).

However, individuals "are not secondarily liable merely because they served as corporate officers or shareholders." *Shepard*, 868 F. Supp. at 706; *see also Onions Etc. v. Z & S Fresh Inc.*, No. 1:09-CV-00906 OWW, 2011 WL 3348039, at *12 (E.D. Cal. Aug. 2, 2011) ("[A]n individual's title, even officer, does not alone establish secondary liability."). Courts take into account (1) "whether an individual holds a position that suggests a possible fiduciary duty to preserve the PACA trust assets (e.g., officer, director, and/or controlling shareholder)," and (2) "whether that individual's involvement with the corporation establishes that she was actually able to control the PACA trust assets at issue." *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 172 (3d Cir. 2010). "A court considering the liability of the individual may look at 'the closely-held nature of the corporation, the individual's active management role' and any evidence of the individual's acting for the corporation." *Sunkist Growers, Inc.*, 104 F.3d at 283. For instance, in *Morris Okun, Inc.*, the court determined that the sole shareholder of the corporation licensed to sell produce under PACA was secondarily liable to PACA trust creditors as a corporate fiduciary. *See Morris Okun*, 814 F. Supp. at 348; *see also Onions Etc.*, 2011 WL 3348039, at *10 ("As Z & S's director, president, sole shareholder, and person who oversaw Z & S's day to day operations, Zaninovich was in the position to, and did control PACA trust assets.").

Here, the complaint does not contain sufficient factual allegations to hold Anderson personally liable. The complaint's only factual allegation specific to Anderson is that his LinkedIn profile states he was "Executive Chef & Co-Founder" of Outstanding. *See Compl.* ¶ 6(c); *Anderson LinkedIn Profile*. The complaint also asserts Anderson "is or was an officer, director, or member of [Outstanding Foods] and in a position to exercise dominion and control over" the company. *See Compl.* ¶ 6(c) (emphasis added). There is no allegation, for instance,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

that Anderson signed the alleged contract between Outstanding and Plaintiff, or otherwise oversaw the corporation's activities. *See generally id.*; *Invoices*.[2] These allegations are insufficient to allow the reasonable inference that Anderson was a shareholder, officer, or director that controlled PACA trust assets; as the complaint's allegations allow that Anderson may have been merely a "member," and his LinkedIn profile listing him as "Co-Founder" and "Executive Chef" do not sufficiently allege that Anderson was actively involved in or controlling the management of Outstanding during the relevant time period. *See Sunkist Growers, Inc.*, 104 F.3d at 283; *Iqbal*, 556 U.S. at 678.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss the claims against Anderson.

C.      Injunctive Relief

In Plaintiff's first claim, Plaintiff alleges that "[o]n information and belief, additional unknown and unpaid beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries." *Compl.* ¶ 59.

Defendants argue that Plaintiff lacks standing for the injunctive relief sought, for an accounting for *other* alleged unpaid trust beneficiaries. *See Mot.* 14:26  28 (citing *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 n.2 (9th Cir. 1987); *Goonewardene v. ADP, LLC*, 434 P.3d 124 (Cal. 2019)). Plaintiff responds that Defendant misconstrues its claim, and that it is "not seeking to enforce the PACA trust on behalf of any other PACA trust beneficiaries, but is exercising its duty as a co-beneficiary not to secure a special advantage for itself over its

---

[2] Plaintiff attaches to its opposition papers a printout from a third-party website listing Anderson as "co-Chief Executive officer" of Outstanding, *see Declaration of Alexander J. Lewicki*, Dkt. # 37-1 ("*Lewicki Decl.*"), Ex. A ("*Pitchbook Printout*"), however, the Court cannot consider evidence outside the pleadings on a motion to dismiss. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may *not look* beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original); *Barnes v. Campbell Soup Co.*, No. 12-5185, 2013 WL 5530017, at *8 (N.D. Cal. July 25, 2013) ("Plaintiffs cannot unilaterally use their Opposition as an opportunity to amend and raise new arguments to cure deficiencies in their Complaint.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. | | |

co-beneficiaries." *Opp.* 19:2  5.  Under PACA "the law compels a beneficiary with knowledge of a trust's insolvency to refrain from securing for itself a greater advantage than its co-beneficiaries," and upon a showing that the PACA trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to "separate and maintain [] produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim." *Fresh Kist Produce, LLC. v. Choi Corp.*, 223 F. Supp. 2d 1, 8  9 (D.D.C. 2002).  Should Plaintiff demonstrate knowledge of the trust's insolvency and that PACA trust assets are dissipated or threatened with dissipation, the relief Plaintiff requests is within that permitted by PACA.  *See id.*  Defendants recognize as much, but argue that Plaintiff has not adequately pleaded the identity of co-beneficiaries or that Outstanding is insolvent.  *See Reply* 9.  While Plaintiff may ultimately not be entitled to the requested relief, the Court agrees with Plaintiff that its pleading is sufficient at this stage.  Accordingly, the Court **DENIES** Defendants' motion to dismiss the first claim.

IV.    Leave to Amend

       Whether to grant leave to amend rests in the sound discretion of the trial court.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment."  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

       The Court has concluded that some of Plaintiff's claims are inadequately pleaded.  However, at this early stage of the proceedings, the Court is not convinced that any amendment would necessarily be futile.  Accordingly, the Court **GRANTS** leave to amend.

V.    Conclusion

       For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss as follows:

•    The Court **GRANTS** Defendants' motion to dismiss all claims against Anderson.  The Court **GRANTS** Plaintiff leave to amend.

•    The Court otherwise **DENIES** Defendants' motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10121 PSG (MAAx) | Date | March 26, 2020 |
|----------|------------------------|------|----------------|

| Title | Sun Hong Foods, Inc. v. Outstanding Foods, Inc. et al. |
|-------|--------------------------------------------------------|

Plaintiff may file an amended complaint consistent with this order no later than **April 27, 2020**. If Plaintiff fails to file an amended complaint by that date, the claims that have been dismissed with leave to amend will be dismissed with prejudice.

**IT IS SO ORDERED**.